**UNITED STATES of America,
Appellee,**

v.

**Kevin JOHNSON, Appellant.**

United States Court of Appeals,
District of Columbia Circuit.

May 26, 2004.

Before GINSBURG, Chief Judge, and SENTELLE and ROBERTS, Circuit Judges.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b).

For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court be affirmed.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## *MEMORANDUM*

### I.

The appellant, Kevin Johnson, appeals his convictions for possession with intent to distribute heroin and felon in possession and use of a firearm in a drug trafficking offense. Appellant first contends that the district court abused its discretion by admitting, under Fed.R.Evid. 404(b), evidence that on two prior occasions he had

distributed, or possessed with the intent to distribute, illegal narcotics, including heroin, to prove appellant's intent, knowledge, motive, and absence of mistake or accident. Next, appellant contends that the district court erred by telling jurors that they could use the other-crimes evidence for the seven permissible purposes explicitly listed in Rule 404(b). Lastly, appellant argues that defense counsel provided ineffective assistance at sentencing by not requesting a downward departure under U.S.S.G. § 4A1.3.

## II.

■ Each of appellant's claims lacks merit. As to his first contention, the other-crimes evidence was admissible to help prove appellant's intent, motive, knowledge, and absence of mistake or accident with respect to the charge of possession with intent to distribute heroin. We have frequently upheld the admission of evidence that a defendant, charged with possession with intent to distribute narcotics, had previously distributed or possessed with intent to distribute the same or similar narcotics, notwithstanding objections that the other-crimes evidence was not sufficiently probative, or was unduly prejudicial. *See United States v. Cassell,* 292 F.3d 788, 792 (D.C.Cir.2002), and *United States v. Crowder,* 141 F.3d 1202, 1209 (D.C.Cir.1998) (en banc). Nothing in this case makes the admitted evidence uniquely lacking in probative value or uniquely prejudicial, much less an abuse of the district court's discretion.

■ Regarding the jury instructions, appellant did not object below to the substance of the district court's limiting instructions and has not shown that the district court plainly erred in its choice of language. Therefore, we review this claim only for plain error. *See United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123

L.Ed.2d 508 (1993). The court repeatedly told the jurors that they could not use the other-crimes evidence to show bad character or that the appellant committed the charged offenses. That the court told the jurors that they could use the evidence for all seven of the purposes explicitly listed in Rule 404(b), when the evidence in this case was admitted for only five of those purposes, simply does not rise to the level of plain error. Even assuming this was clear error, it was not so central to the proceedings below as to "affect[ ]" appellant's "substantial rights," Fed.R.Crim.P. 52(b), given the overwhelming evidence of his guilt.

■ Appellant's third contention is similarly meritless. Appellant contends that he is entitled to resentencing because his counsel did not seek a downward departure based on the argument that appellant's classification as a career criminal substantially overstated his criminal history. Appellant did not present this claim to the district court, and he does not ask that the record be remanded for further development of the claim. In light of appellant's 16–year criminal history, the record demonstrates that such a departure request would have had little or no merit, and risked emphasizing factors that supported a higher sentence within the guidelines range. Thus, counsel's decision not to take such a risk fell within the wide range of choices that an effective trial counsel could make. In these circumstances, we cannot conclude that counsel's performance was deficient, and therefore need not consider whether there is a reasonable probability that appellant's sentencing would have been different but for deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Appellant's conviction and sentence are therefore affirmed.