# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 8, 2008          Decided May 30, 2008

No. 02-3008

IN RE: SEALED CASE

Consolidated with 06-3059

Appeal from the United States District Court
for the District of Columbia
(No. 96cr00053-01)

*Neil H. Jaffee*, Assistant Federal Public Defender, argued the cause for appellant.

*John P. Gidez*, Assistant U.S. Attorney, argued the cause for appellee.

Before: TATEL, BROWN, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: After pleading guilty to a two-count indictment charging him with distribution of more than 50 grams of cocaine base and carrying a pistol without a license, appellant received a 262-month sentence, which was at the bottom of the guideline range given appellant's status as a

"career offender." *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (1997). After the sentencing hearing, appellant met briefly with his attorney in the lock-up behind the courtroom. During the meeting, defense counsel recalled, "I told him of his right to appeal in 10 days. But I also told him that at this point I don't see any issues with regard to an appeal because everything was according to sentencing guidelines. But he need[ed] to contact me in order for me to notice his appeal." Hr'g Tr. at 20 (Oct. 14, 2003). When asked how his client responded, the attorney said, "He wasn't responding. He was really disappointed at that point because of the substantial sentence that he received. And at that point, I told him to contact me if he wanted to appeal and I left." *Id.* According to the attorney, the meeting "was really fast. It was probably perhaps two to three minutes I talked to him. I believe the judge had another matter, so I didn't want to take too much time." *Id.* at 22. Appellant made no contact with counsel during the ten-day window, and counsel never filed a direct appeal of the sentence.

Appellant challenged his sentence under 28 U.S.C. § 2255, arguing that his counsel provided ineffective assistance by failing to file a notice of appeal after sentencing. *See generally Strickland v. Washington*, 466 U.S. 668 (1984) (setting standard for judging claims of ineffective assistance). Specifically, appellant asserts that his attorney failed adequately to consult with him regarding his appeal, as contemplated by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Although we agree with appellant that the brief post-sentencing conversation was insufficient to constitute a consultation as that term is defined in *Flores-Ortega*, *id.* at 478, we nonetheless affirm the district court's decision to deny appellant's section 2255 motion because no nonfrivolous grounds for appeal existed.

Under *Flores-Ortega*, when a defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," as was the case here, we ask "whether counsel in fact consulted with the defendant about an appeal." *Id.* According to the Court, the term "consult" has a particular meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* Here, whether or not defense counsel adequately advised appellant about the relative advantages and disadvantages of appealing, he made no effort to discover his client's wishes regarding an appeal. According to the credited testimony, appellant was distraught over his sentence and essentially nonresponsive. "[A]t that point," the lawyer recalled, "I told him to contact me if he wanted to appeal and I left." Hr'g Tr. at 20. The lawyer made no additional attempt "to discover the defendant's wishes" within the ten-day time limit. *Flores-Ortega*, 528 U.S. at 478. On these facts, we conclude that defense counsel failed to consult under *Flores-Ortega*.

Failure to consult does not end the matter, however, for in *Flores-Ortega* the Court expressly "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." *Id.* at 480. Instead, the Court explained that counsel's constitutional duty to consult arises only "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.*

Appellant argues that a nonfrivolous ground for appeal existed: counsel could have argued that he was entitled to a lower sentence under U.S. Sentencing Guidelines section 4A1.3, which allows courts to make downward departures

from the applicable guideline range when a defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history. U.S. SENTENCING GUIDELINES MANUAL § 4A1.3. We agree with the government that this would have been a frivolous ground for appeal. "[D]eparture under § 4A1.3 is only justified in the rare and unusual case in which a defendant's criminal history category *significantly* overrepresents the seriousness of his past conduct and future threat to society." *United States v. Beckham*, 968 F.2d 47, 55 (D.C. Cir. 1992). In light of appellant's criminal history, and given that he committed one of the instant offenses while still on parole from one of his previous felony convictions, there is nothing rare or unusual about this case, and we cannot say that counsel's failure to request a departure constituted deficient performance. *See United States v. Johnson*, 98 F. App'x 5, 7 (D.C. Cir. 2004) (per curiam).

Having considered appellant's other arguments and found them without merit, we affirm the judgment of the district court.

*So ordered.*