**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 11-7576**

———

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

HAROLD EARL BLONDEAU,

            Defendant - Appellant.

———

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:09-cr-00117-H-1; 5:11-cv-00124-H)

———

Submitted:  February 23, 2012          Decided:  May 11, 2012

———

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———

Vacated in part and remanded by unpublished per curiam opinion.

———

Harold Earl Blondeau, Appellant Pro Se.  Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Earl Blondeau, a federal prisoner, filed a 28 U.S.C.A. § 2255 (West Supp. 2011) motion contending, among other claims, that his trial counsel were unconstitutionally ineffective in failing to consult with him regarding his desire to file an appeal. We granted Blondeau a certificate of appealability and received further briefing on the issue of counsel's alleged failure to consult with Blondeau regarding his appellate prospects. We now conclude that the district court's dismissal of Blondeau's § 2255 motion without first holding an evidentiary hearing was an abuse of its discretion. As a result, we vacate in part and remand with instructions to grant Blondeau a hearing on his ineffective assistance of counsel claim.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir.

2000); see also Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).  This court reviews a district court's refusal to conduct an evidentiary hearing for an abuse of discretion. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006).

Our review of the circumstances of this case convinces us that Blondeau's counsel had a duty to consult Blondeau regarding his wishes to file an appeal.  See Roe v. Flores-Ortega, 528 U.S. 470, 478-80 (2000); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).  Accordingly, the ultimate success of Blondeau's § 2255 motion depends on whether counsel actually did or did not consult with him about his appellate preferences.  Blondeau claims that they did not, but the district court dismissed his § 2255 motion without conducting any sort of inquiry into the issue.  Because whether Blondeau's assertions are correct with respect to his counsel's conduct necessarily requires a credibility determination, or at least the receipt of evidence outside the present record, an evidentiary hearing was required.  See Witherspoon, 231 F.3d at 925-27.  The district court therefore abused its discretion in failing to hold one.

Accordingly, we vacate in part the district court's dismissal of Blondeau's 28 U.S.C. § 2255 motion and remand with instructions to grant him an evidentiary hearing on his claim

3

that counsel failed to consult with him regarding his desire to file an appeal. We deny Blondeau's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED IN PART
AND REMANDED

4