**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-6337**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

HAROLD EARL BLONDEAU,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Malcolm J. Howard,
Senior District Judge.  (5:09-cr-00117-H-1; 5:11-cv-00124-H)

─────────────

Submitted:  June 5, 2013          Decided:  June 28, 2013

─────────────

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Harold Earl Blondeau, Appellant Pro Se.  Seth Morgan Wood,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Earl Blondeau, a federal prisoner, filed a 28 U.S.C.A. § 2255 (West Supp. 2012) motion contending, in relevant part, that his trial counsel were unconstitutionally ineffective in failing to consult with him regarding his desire to file an appeal. After we granted a certificate of appealability on this claim and remanded his case to the district court for an evidentiary hearing, United States v. Blondeau, 480 F. App'x 241 (4th Cir. 2012) (No. 11-7576), the district court found that counsel had consulted with Blondeau as to his appellate preferences and once again denied Blondeau's § 2255 motion. Blondeau appeals for the second time.

We review the district court's conclusions of law de novo and its findings of fact for clear error. United States v. Nicholson, 611 F.3d 191, 205 (4th Cir. 2010). The term "consult" as used in this context has "a specific meaning — advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). Our review of the record convinces us that counsel gave Blondeau "reasonable advice" when informing him that, in their opinion, he did not have any meritorious issues to appeal. Id. at 486; United States v. Poindexter, 492 F.3d 263, 268-69 (4th

2

Cir. 2007). See also Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (explaining the deference owed to counsel's determination of which issues warrant appeal).

With respect to whether counsel made "a reasonable effort to discover [Blondeau's] wishes," Flores-Ortega, 528 U.S. at 478, we note that the testimony elucidated at the evidentiary hearing provides a degree of support for Blondeau's assertions. See Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009) ("'Simply asserting the view that an appeal would not be successful does not constitute "consultation" in any meaningful sense.'" (quoting Thompson v. United States, 504 F.3d 1203, 1207 (11th Cir. 2007)); In re Sealed Case, 527 F.3d 174, 175 (D.C. Cir. 2008) (even where defense counsel has discussed the possible merits of an appeal with his client, he fails to adequately consult his client if he makes "no effort to discover his client's wishes regarding an appeal"); Lewis v. Johnson, 359 F.3d 646, 660-61 (3d Cir. 2004). But see United States v. Doyle, 631 F.3d 815, 818 (6th Cir. 2011) (finding adequate consultation where counsel explained defendant's appellate rights throughout the course of his representation); Keys v. United States, 545 F.3d 644, 647 (8th Cir. 2008) (same); Bednarski v. United States, 481 F.3d 530, 534 (7th Cir. 2007) (same).

3

But, even assuming that Blondeau's counsel failed to adequately ascertain precisely how Blondeau wished to act upon their advice not to appeal his sentence, Blondeau has failed to demonstrate that he suffered prejudice from their conduct, given that he admitted at the evidentiary hearing that he would not have filed an appeal during the appeal period, on the basis of counsel's reasonable advice. See Poindexter, 492 F.3d at 268-69 (in the context of an attorney's failure to consult, "prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal.").

In other words, Blondeau essentially admits that, even if counsel had asked him during the appeal period whether he wished to file an appeal, he would have said no, on the basis of the advice that counsel had given him. As we have explained, counsel's advice was not unreasonable. Thus, because Blondeau has failed to demonstrate that he was prejudiced by his counsel's failure to adequately consult him as to his appellate preferences, his ineffective assistance claim must fail. See id.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED