# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3997

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Brian Jeffrey Brown, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2003

Filed: April 21, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

Brian Brown appeals the district court's denial of his motion to dismiss the indictment based on his Sixth Amendment right to a speedy trial. We affirm.

In July 1998, the government indicted Brown in the Western District of Missouri for possessing a false identification document and making false statements in a passport application. See 18 U.S.C. §§ 1028(a)(4), (b)(1), 1542. At the time, Brown was in custody awaiting trial on child molestation charges in Arkansas. Not wanting to disrupt the proceedings in Arkansas on the more serious charges, the U.S. Attorney's Office in Missouri did not seek immediate custody of Brown. In March

1999, Brown pleaded *nolo contendre* to a reduced Arkansas charge of possession of child pornography. He was sentenced to forty-two months in prison.

In August 1999, a detainer on the federal charges was personally served on Brown in the Arkansas Department of Corrections. The detainer advised Brown he had a right to a speedy trial under the Interstate Agreement on Detainers Act (IADA) by mailing a written notice of his request to the appropriate U.S. Attorney and the appropriate district court. The detainer stressed that because the 180-day time limit may be tolled by delays attributable to the prisoner, he should "periodically inquire . . . whether [his] written notice of request for a final disposition of the charges against [him] has been received." The detainer also stated, "[T]he 180-day time limit does not commence until your written notice . . . has actually been delivered to the appropriate U.S. Attorney and the appropriate District Court." Although Brown circled the response indicating he desired a speedy trial, the response was not received by the U.S. Attorney or the district court. The U.S. Attorney's office first learned of Brown's desire for a speedy trial in July 2001 when it received a copy of a pro se motion Brown had filed with the district court seeking to dismiss the indictment because of an alleged violation of the IADA. In response, the Government obtained custody of Brown and Brown appeared in federal court on July 26, 2001.

In December 2001, Brown was released from state custody and released on bond on the federal charges. He filed a motion to dismiss the federal indictment based on the three-year delay between the indictment and initial appearance in federal court. Brown later acknowledged he had not complied with the technical requirements of the IADA and sought dismissal of the indictment based solely on the Sixth Amendment. After an evidentiary hearing, the district court[*] denied Brown's motion to dismiss. Brown pleaded guilty to making a false statement in connection

---

[*]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

with a passport application, and the district court sentenced Brown to supervised probation for forty-eight months.

The Sixth Amendment guarantees a criminal defendant the right to a speedy trial. Doggett v. United States, 505 U.S. 647, 651 (1992); United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002). "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett, 505 U.S. at 651-52. This generally occurs if the delay is at least one year long. Id. at 652 n.1. If the defendant makes this showing, then the court conducts the speedy trial analysis by weighing four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Id. at 651-52; Sprouts, 282 F.3d at 1042-43. The extent to which a defendant must prove prejudice from a delay in prosecution is directly related to the government's reasonableness in its pursuit of the defendant. Wilson v. Mitchell, 250 F.3d 388, 395 (6th Cir. 2001).

In concluding Brown's right to a speedy trial was not violated, the district court found that although the delay was excessive, it was not intentional; Brown's attempt to assert his right was half-hearted because he never contacted the U.S. Attorney or the district court to inquire about the status of his case; and Brown suffered no actual prejudice from the delay.

On appeal, Brown contends no proof of prejudice was required because the three-year delay was presumptively prejudicial. We reject this contention. "'[P]resumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the [four-factor] enquiry." Doggett, 505 U.S. at 652 n.1. Considering the length and reason for the delay and Brown's lack of diligence in asserting his rights, we cannot say Brown was relieved of his burden to show the delay actually prejudiced him. United States v. Walker, 92 F.3d 714, 716-17 (8th Cir.

1996). Indeed, in a case involving a thirty-seven month delay, we concluded the delay was uncommonly long, but went on to consider the four Doggett factors. Id.

In our view, the district court committed no error in analyzing the four factors in this case. First, the three-year delay weighs in favor of Brown. Second, the government did not negligently delay its prosecution or intentionally delay to gain some impermissible advantage at trial. See Doggett, 505 U.S. at 656-67. Contrary to Brown's claim of negligence, the undisputed evidence shows the government reasonably chose not to obtain immediate custody of Brown to avoid disrupting his Arkansas prosecution on charges of child molestation. The government was aware that under the antishuttling provision of the IADA, Brown would have to be kept in federal custody in Missouri until the federal prosecution was concluded. Further, soon after the federal authorities learned the Arkansas prosecution had ended (thirteen or fourteen months after federal indictment), they filed a federal detainer against Brown informing him of the pending federal charges and how to ensure he received a speedy trial. Brown did not follow the directions, however. Because Brown did not contact the U.S. Attorney or the district court to inquire about his case or his request for a speedy trial, the third factor weighs against Brown. Fourth, because the government was reasonable in its pursuit of Brown on the federal charges, Brown must show the delay actually prejudiced him to prevail on his Sixth Amendment claim. Sprouts, 282 F.3d at 1043; Wilson, 250 F.3d at 395. Brown has not attempted to do so. The time Brown spent in the Arkansas prison was the result of his Arkansas charges, not pretrial detention on the federal charges. Further, Brown does not assert that he was anxious about the federal charges or that the delay impaired his defense on the federal charges. See Sprouts, 282 F.3d at 1043 (explaining ways delay may prejudice defendant).

In sum, the district court correctly rejected Brown's speedy trial claim by denying his motion to dismiss the indictment.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.