# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3114

_____

David A. Gingras,                          *
                                           *
            Appellant,                     *
                                           *   Appeal from the United States
    v.                                     *   District Court for the
                                           *   District of South Dakota.
Douglas L. Weber, Warden,                  *
South Dakota State Penitentiary,           *
                                           *
            Appellee.                      *

_____

Submitted: April 14, 2008
Filed: October 8, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In June 2005, David Gingras pled guilty in South Dakota state court to possession of one pound or more of marijuana with intent to distribute. After pursuing direct and collateral review without success in the South Dakota courts, Gingras moved for a writ of habeas corpus in federal court, pursuant to 28 U.S.C. § 2254. The district court[1] denied relief on all grounds, but granted a certificate of appealability on one of Gingras's claims. We affirm.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

I.

We recite the facts as set forth by the South Dakota court in its opinion denying post-conviction relief. *See* 28 U.S.C. § 2254(e)(1). On July 16, 2004, officers executed a knock-and-announce search warrant at Gingras's house, where they discovered more than four pounds of marijuana. Gingras was initially "very upset" and crying when confronted by the officers, but he later calmed down. Officers then read him the warnings prescribed by *Miranda v. Arizona*, 384 U.S. 436 (1966), and Gingras waived his rights. Gingras did not seem afraid of the officers, and he remained calm during the interview. He eventually admitted receiving and selling marijuana.

Gingras moved to suppress the marijuana and the confession, alleging that the search warrant was not supported by probable cause. He sought a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), on the ground that the warrant affidavit was defective due to misrepresentations and omissions. He also moved to suppress his confession on the ground that his waiver of *Miranda* rights was involuntary and that his statements were coerced. The circuit court denied the request for a *Franks* hearing, but did not immediately resolve the issues relating to the confession. Gingras then pled guilty to possession of one pound or more of marijuana with intent to distribute, in return for the State's agreement to dismiss three other counts. Gingras was sentenced to fifteen years' imprisonment, with eight years suspended.

Gingras petitioned for post-conviction relief in state court, alleging that his counsel was ineffective for failing to obtain an order excluding evidence allegedly seized as a result of a violation of the knock-and-announce rule of the Fourth Amendment. He was granted an evidentiary hearing, but the court found that his testimony was incredible, and that his claims had no factual or legal support. Gingras petitioned the circuit court and the Supreme Court of South Dakota, requesting a

certificate of probable cause that would entitle him to seek review in the state supreme court, but both courts denied the requests.

Gingras then petitioned the United States District Court for South Dakota, arguing that (1) he received ineffective assistance of counsel, (2) his confession was involuntary and the result of coercion, (3) his guilty plea was not knowing and voluntary, and (4) the state court's factual findings were erroneous. The district court denied his petition, but granted a certificate of appealability on what it described as the "second issue," namely: "Whether petitioner's conviction was obtained through the use of an allegedly coerced statement and confession of the petitioner."

## II.

Although the certificate of appealability describes the issue only in terms of the voluntariness of Gingras's confession, the claim on appeal is necessarily more complicated. Gingras's confession was never admitted as evidence against him, because he pled guilty. According to Gingras, however, trial counsel erroneously advised him that the trial court had rejected his motion to suppress the confession, and Gingras then decided to plead guilty based on that faulty premise. He contends that the motion to suppress was still pending before the trial court, and that if he had been properly advised about the status of the motion, then he would not have pled guilty. Gingras further hypothesizes that if he had not pled guilty based on inadequate advice of counsel, then the trial court would have granted his motion to suppress statements, and Gingras would not have been convicted at trial. The district court thus identified Gingras's second issue as a "claim of ineffective assistance of counsel." In this context, we construe the certificate of appealability to identify a Sixth Amendment claim of ineffective assistance of counsel relating to the allegedly coerced confession, not a Fifth Amendment claim concerning direct use of coerced admissions.

-3-

There is some doubt whether Gingras has exhausted this claim of ineffective assistance of counsel in state court. *See* 28 U.S.C. § 2254(b)(1)(A). Gingras did not raise this aspect of his Sixth Amendment claim in post-conviction proceedings. His failure to do so creates the possibility that the claim is procedurally defaulted (and thus exhausted), but Gingras argues that there remain an avenue under South Dakota law for him to pursue the claim in state court. *See* SDCL § 21-27-16.1; *Gregory v. Solem*, 420 N.W.2d 362, 363-64 (S.D. 1988). The State, moreover, does not argue that the claim is procedurally defaulted. We may deny an unexhausted claim on the merits, however, and for the reasons that follow, we think that is the proper course in this appeal. *See* 28 U.S.C. § 2254(b)(2),

In considering Gingras's Sixth Amendment claim, we accept the facts found by the South Dakota courts unless Gingras rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Because Gingras's apparently unexhausted claim was not "adjudicated on the merits," *see* 28 U.S.C. § 2254(d), we "likely should apply the pre-AEDPA standard of review," *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002), rather than the deferential standard of 28 U.S.C. § 2254(d). We conclude that Gingras's claim fails even under the less deferential standard that applied before the Antiterrorism and Effective Death Penalty Act.

There is scant support in the record for Gingras's contention that his waiver of *Miranda* rights was involuntary or that his admissions were made involuntarily as the result of coercion by the police. The South Dakota court found that Gingras, although initially upset and crying during his encounter with law enforcement agents, calmed down and remained calm throughout the interview. After Gingras stopped crying, the officers read him his *Miranda* warnings, and Gingras waived his rights. The court found that Gingras was coherent, did not seem afraid of the officers, and never indicated that he did not want to speak to the officers. There are no findings to suggest that Gingras's waiver was the product of "intimidation, coercion, or deception," rather than a "free and deliberate choice." *United States v. Harper*, 532

-4-

F.3d 783, 788 (8th Cir. 2008). Nor are there findings to suggest that Gingras was subjected to the kind of coercive police activity that is necessary to establish that a confession was involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986); *LaRette v. Delo*, 44 F.3d 681, 688-89 (8th Cir. 1995). We agree with the district court that "[t]he record is replete with evidence that suggests the state court's conclusions regarding *Miranda* were reasonable," and the same evidence supports a finding that Gingras's admissions were voluntary. Gingras does not point to clear and convincing evidence that contradicts the state court's relevant findings of fact. The facts that were found support the conclusion that both the *Miranda* waiver and the admissions themselves were knowing and voluntary.

To prevail on his Sixth Amendment claim, Gingras must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). We conclude that Gingras's ineffective-assistance claim fails, because even if counsel had proceeded differently, there is no reasonable probability that the motion to suppress statements would have been granted. Even if counsel had advised Gingras that the motion to suppress statements was still pending before the state circuit court, Gingras cannot show a reasonable probability that the outcome of the proceeding would have been different. At most, Gingras may have delayed entry of a guilty plea until receiving the inevitable decision to deny his motion to suppress statements. But there is no showing that if Gingras had awaited a ruling on the motion to suppress statements, and the motion had been denied, then he would have proceeded to trial. To the contrary, Gingras acknowledges that when he believed that the motion to suppress had been denied, he elected to plead guilty.

Gingras also contends that the district court erred by denying his request for an evidentiary hearing at which he could develop his claim. Gingras contends that although he was afforded an evidentiary hearing in state court, "the state habeas court

focused its attention on another issue: whether the knock and announce provision within the search warrant had been violated."

Federal law provides that if an applicant has "failed to develop the factual basis of a claim in State court proceedings," then the federal court shall not hold an evidentiary hearing unless the claim relies on (1) a new rule of constitutional law made retroactive to cases on collateral review, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). An applicant has "failed to develop" a claim only where "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

We conclude that the fault for failing to develop additional evidence in state court lies with Gingras. The state court's evidentiary hearing did focus on the knock-and-announce rule, but it did so because Gingras raised no challenge to the voluntariness of his confession. Neither the state court nor representatives of the State prevented Gingras from developing the voluntariness issue. The absence of a more comprehensive evidentiary record is attributable to a lack of diligence by Gingras or Gingras's counsel. Thus, Gingras has "failed to develop the factual basis of [his] claim in State court proceedings," and the district court was not authorized to grant an evidentiary hearing unless Gingras satisfied one of the two exceptions to the general prohibition in § 2254(e)(2).

Gingras does not rely on a new constitutional rule. Gingras does argue that during the state post-conviction proceeding, he still mistakenly believed that the trial court had rejected his motion to suppress statements when, in fact, the court never ruled on the motion. This factual predicate to Gingras's ineffective-assistance claim, however, should have been discovered through the exercise of due diligence. A review of the state court record would have revealed to Gingras and his post-conviction counsel that the trial court never ruled on the voluntariness of Gingras's

confession or his *Miranda* waiver.  Accordingly, Gingras failed to develop the factual predicate of his claim, and he was not entitled to an evidentiary hearing in the district court.  *See Moore-El v. Luebbers*, 446 F.3d 890, 900-01 (8th Cir. 2006).

For the foregoing reasons, the judgment of the district court is affirmed.

_____