# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2449

———————

Scott Christopher Cook,          *
                                           *

        Petitioner – Appellant,    *

                                          *   Appeal from the United States
    v.                                *   District Court for the
                                          *   Northern District of Iowa.

United States of America,    *

                                          *   [UNPUBLISHED]

        Respondent – Appellee.   *

———————

Submitted: February 10, 2009
Filed: February 19, 2009

———————

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

    Scott Christopher Cook appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

I

    On February 24, 2005, Cook was indicted for conspiring to manufacture and distribute fifty grams or more of methamphetamine within 1,000 feet of a protected

———

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

zone from February 1997 through January 2004 in violation of 21 U.S.C. §§ 841, 846, 859, and 860. The Government filed a § 851 notice of its intention to seek an enhanced penalty based on Cook's prior state felony conviction for possession with intent to deliver methamphetamine, which increased Cook's potential sentence to a mandatory minimum of 240 months imprisonment. See 21 U.S.C. § 841(b)(1)(A). Cook pleaded guilty and was sentenced to the mandatory minimum sentence. At sentencing, Cook's counsel did not object to the enhancement. Cook appealed his sentence, which was affirmed. United States v. Cook, 447 F.3d 1127 (8th Cir. 2006).

On May 9, 2007, Cook filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel. Specifically, he alleges his trial counsel was ineffective because he: (1) failed to object to, and thus preserve for appeal, the issue of whether his prior state conviction should be counted as a prior felony conviction for sentencing enhancement purposes; and (2) told Cook he would not receive the 240 month mandatory minimum sentence if he accepted the plea agreement because the government would file a motion for downward departure for substantial assistance. After an evidentiary hearing, the district court denied Cook's motion. This appeal followed.

II

"We review the district court's factual findings for clear error and the legal question whether those findings amount to ineffective assistance de novo." Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008). To prevail on an ineffective assistance claim, Cook must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Keys, 545 F.3d at 646.

Cook contends his trial counsel was ineffective because he failed to object to the sentencing enhancement for his prior conviction. We disagree. In cases where the

charged conspiracy began before and continued after a defendant's felony drug conviction, the felony drug conviction may be considered a "prior" conviction for purposes of applying a § 851 sentencing enhancement if the defendant committed an overt act in furtherance of the conspiracy after the date of the conviction. United States v. Pratt, --- F.3d ---, 2009 WL 196445, at *3 (Jan. 29, 2009); United States v. Funchess, 422 F.3d 698, 703 (8th Cir. 2005); United States v. Titlbach, 339 F.3d 692, 697 (8th Cir. 2003). Here, Cook was convicted on June 30, 2003, for possession with intent to deliver methamphetamine, and admitted selling methamphetamine on December 4, 2003. Therefore, Cook admitted he committed an overt act in furtherance of the conspiracy after the date of his state felony conviction. Although trial counsel may be ineffective for failing to object at sentencing, see Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995), counsel is not ineffective for failing to make a futile objection, see Woodall v. United States, 72 F.3d 77, 80 (8th Cir. 1995), Flieger v. Delo, 16 F.2d 878, 887 (8th Cir. 1994), Thomas v. United States, 952 F.3d 902, 905 (8th Cir. 1991).

Cook also asserts his counsel was ineffective for stating that, if Cook signed the plea agreement, he would receive a sentence lower than the mandatory minimum sentence. We again disagree. Cook was aware he was subject to a mandatory minimum sentence and that filing a substantial assistance motion, which he knew was the only basis to receive a sentence below the mandatory minimum, was solely within the discretion of the government. In addition, the district court found Cook's trial counsel did not promise Cook "that he would receive a substantial assistance motion or, . . . that his sentence would be less than 20 years if he signed the plea agreement." The district court's findings of fact are supported by the record, and Cook has presented no basis for us to conclude they are clearly erroneous.

In addition, Cook has not demonstrated "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Cook did not testify or

submit an affidavit so asserting.  As such, his ineffective assistance claim fails. <u>See</u> <u>Gingras v. Weber</u>, 543 F.3d 1001, 1004 (8th Cir. 2008); <u>United States v. Davis</u>, 508 F.3d 461, 463 (8th Cir. 2007).

III

We affirm the district court.

_____