# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2593

_____

Robert Taylor,                           *
                                          *
          Appellee,                       *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   Eastern District of Missouri.
                                          *
Don Roper,                                *
                                          *
          Appellant.                      *

_____

Submitted: February 12, 2009
Filed: April 13, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Robert Taylor was convicted in Missouri on four counts of robbery. He filed a petition for a writ of habeas corpus in federal district court[1] pursuant to 28 U.S.C. § 2254 alleging: (1) ineffective assistance of counsel, (2) error in the state court's failure to sever his robbery counts, and (3) deprivation of his Sixth Amendment right to a speedy trial. The district court denied his petition in all respects. He limits his appeal to the speedy trial claim. We affirm.

_____

[1]The Honorable Paul A. Magnuson, United States District Court for the Eastern District of Missouri.

I.

In February 1998, Robert Taylor was convicted by a jury in Missouri state court of three counts of first-degree robbery and one count of second-degree robbery. Taylor had been indicted 15 months earlier in November 1996. At the time of his indictment, he was being held on an unrelated burglary charge. He was not informed of the indictment until June 1997. In November 1997, the trial court denied his motion to dismiss the case due to lack of a speedy arraignment.

After his conviction in February 1998, Taylor appealed, *inter alia*, on the grounds that his right to a speedy arraignment had been violated. The Missouri Court of Appeals rejected his appeal. State v. Taylor, 998 S.W.2d 817, 817 (Mo. Ct. App. 1999) (per curiam). He did not seek review by the Missouri Supreme Court.[2] In November 1999, Taylor brought a motion for post-conviction relief in state trial court, arguing that counsel had been ineffective for failing to preserve for review his speedy trial claim. The trial court denied his motion. The Missouri Court of Appeals affirmed the denial of post-conviction relief on the grounds that he had not shown that his right to a speedy trial had been denied and that, under Missouri law, a claim of ineffective assistance for failure to preserve issues for appellate review is not

---

[2]Under Missouri law, an appeal to the intermediate state appellate court sufficiently exhausts state remedies to permit federal habeas review under section 2254. See Missouri Supreme Court Rule 83.04 ("Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas review."); Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 . . . makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful 'opportunity to resolve federal constitutional claims.'" (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999))).

cognizable in a post-conviction motion. Taylor v. State, No. ED87418, slip op. at 3, 6 (Mo. Ct. App. Feb. 27, 2007) (unpublished memorandum).[3]

In November 2007, Taylor sought federal habeas review alleging three grounds for relief—ineffective assistance of counsel, error in failing to sever the various robbery counts, and denial of his right to a speedy trial. The district court dismissed all three claims. Taylor appeals only the denial of his speedy trial claim. For the first time, he claims on appeal that his alibi witness, a man named Rodney Ray, died on December 21, 1996, approximately one month after his indictment. He contends that the delay in his trial prevented him from preserving Ray's testimony and deprived him of his ability to exculpate himself. He did not present Ray's death or the details of his alibi testimony in any of the trial, direct appeal, or post-conviction proceedings in state court. Taylor claims that this was a strategic decision on the part of trial counsel to avoid incurring the jury's distrust by asserting an alibi that could be corroborated only by a deceased witness.

## II.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. "Pursuant to [AEDPA], when a state prisoner files a petition for writ of habeas corpus in federal court we are directed to undertake only a limited and deferential review of underlying state court decisions." Mark v. Ault, 498 F.3d 775, 782-83 (8th Cir. 2007) (quotation omitted). "As the Supreme Court has stated, '[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent

---

[3]The court's published order affirming the decision without comment can be found at Taylor v. State, 215 S.W.3d 738 (Mo. Ct. App. 2007) (per curiam).

possible under law.'" Id. at 783 (quoting Bell v. Cone, 535 U.S. 685, 692 (2002)). Given these considerations, an application for habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring, writing for the majority in cited section). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413 (O'Connor, J., concurring, writing for the majority in cited section). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

In denying Taylor's post-conviction speedy trial claim, the Missouri trial court relied on the analysis of Barker v. Wingo, 407 U.S. 514, 530 (1972), as adopted by the Missouri Supreme Court in State v. Bolin, 643 S.W.2d 806, 813 (Mo. 1983). In Barker, the Supreme Court explained that speedy trial cases are to be evaluated by a balancing test "that necessarily compels courts to approach speedy trial cases on an ad hoc basis." 407 U.S. at 529. Barker identified four factors that figure prominently in this inquiry: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id.

The post-conviction court dismissed Taylor's speedy trial claim on the grounds that he had failed to show prejudice and that the evidence of his guilt was "substantial." Taylor v. State, No. 961-3691, slip op. at 6 (Mo. Cir. Ct. Oct. 31, 2005). The Missouri Court of Appeals affirmed the denial of his speedy trial claim and reiterated the trial court's analysis. Taylor, No. ED87418, slip op. at 4. The state court's decision was neither contrary to nor an unreasonable application of federal law.

The state court correctly identified the Supreme Court precedent governing the issue, and the Supreme Court has not "decide[d] a case differently . . . on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13 (O'Connor, J., concurring, writing for the majority in cited section). Furthermore, the state court decision was not an unreasonable application of the relevant precedent. Because the Barker standard is a general, multi-factor standard, "a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, 556 U.S. __, slip op. at 11 (2009); see also Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

"A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here." Reed v. Farley, 512 U.S. 339, 353 (1994). Taylor never mentioned the death of Rodney Ray during the state court proceedings. Further, he has yet to explain what alibi Ray would have given had he been alive to testify on Taylor's behalf. His failure to show prejudice prevents us from holding that Missouri's speedy trial analysis was an unreasonable application of the Sixth Amendment right to a speedy trial. See United States v. Shepard, 462 F.3d 847, 864-65 (8th Cir. 2006) (17-month delay not a speedy trial violation where the defendant, among other deficiencies, failed to show

-5-

prejudice to his case); United States v. Brown, 325 F.3d 1032, 1034-35 (8th Cir. 2003) (three-year delay did not relieve defendant of the requirement of showing prejudice).

To cure this defect, Taylor also requests that we remand his case for an evidentiary hearing about the contents of Ray's alibi. He contends that this will allow him to develop the prejudice element of his speedy trial claim. However, AEDPA strictly limits the authority of a federal habeas court to order new evidentiary hearings:

> Federal law provides that if an applicant has failed to develop the factual basis of a claim in State court proceedings, then the federal court shall not hold an evidentiary hearing unless the claim relies on (1) a new rule of constitutional law made retroactive to cases on collateral review, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence.

Gingras v. Weber, 543 F.3d 1001, 1004 (8th Cir. 2008) (quoting 28 U.S.C. § 2254(e)(2)).

Taylor omits any discussion of section 2254(e)(2)'s requirements, and he cannot meet either of section 2254(e)(2)'s narrow exceptions permitting us to order an evidentiary hearing regarding Rodney Ray's supposed alibi. First, there is no new rule of constitutional law that applies here. Second, Taylor does not claim that this evidence is newly discovered. As Taylor acknowledges in his reply brief, trial counsel chose not to present Ray's death and alleged alibi to the state court out of a strategic calculation that relying on a dead alibi witness would seem suspicious and backfire with the jury. Therefore, he has failed to meet either of section 2254(e)(2)'s exceptions, and we deny his request for an evidentiary hearing.

III.

Accordingly, the judgment of the district court is affirmed.

_____

-6-