# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2063

_____

Gary Crawford,                              *
                                            *
        Appellant,                          *
                                            *    Appeal from the United States
    v.                                      *    District Court for the
                                            *    Eastern District of Arkansas.
Larry Norris, Director, Arkansas            *
Department of Correction,                   *    [UNPUBLISHED]
                                            *
        Appellee.                           *


_____

Submitted: January 11, 2010
Filed: January 29, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

PER CURIAM.

In 2004, Gary Crawford was tried in the Circuit Court of Jackson County, Arkansas on charges of kidnapping and rape. The jury found Crawford guilty of both charges, and he was sentenced to twenty-eight years' imprisonment. Crawford filed

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

a petition for post-conviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure, claiming, among other things, that his counsel was ineffective because he did not call Al Hamdini as a witness. According to Crawford, Hamdini would have testified that he saw Crawford leave Hamdini's shop in a car with the twelve-year-old victim and the victim's brother on the day of the kidnapping and rape. The victim and her brother had given a different account at trial; the victim testified that Crawford dragged her away from the shop, alone and against her will, and the victim's brother testified that he saw Crawford pulling his sister through a field behind the shop. Crawford suggested in his petition that Hamdini's testimony would have proved that the victim and her brother testified falsely.

The trial court denied Crawford's petition for post-conviction relief, finding that Crawford's counsel made a tactical decision not to call Hamdini as a witness. The Arkansas Supreme Court affirmed the denial of post-conviction relief, holding that Crawford failed to show that his counsel's performance was deficient or that counsel's allegedly deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Crawford next filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court[2] dismissed Crawford's petition but granted a certificate of appealability "on the issue of whether Crawford was denied his right to effective assistance of counsel."[3] Crawford's only argument on appeal is that the district court abused its discretion in dismissing his petition without holding an evidentiary hearing.

---

[2]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the proposed findings and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

[3]The district court also granted a certificate of appealability "on the issue of whether Crawford . . . is actually innocent." Crawford has expressly abandoned his actual innocence claim, so we need not consider that issue.

At the outset, we note that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains "mandatory restrictions barring evidentiary hearings in most federal habeas proceedings" under § 2254. *Williams v. Norris*, 576 F.3d 850, 859 (8th Cir. 2009) (citing § 2254(e)(2)). "Only if the habeas petitioner 'was unable to develop his claim in state court despite diligent effort' is an evidentiary hearing not barred by § 2254(e)(2)." *Id.* at 860 (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). Crawford does not contend that he exercised diligence in seeking to develop the factual basis of his ineffective assistance claim in state court. Crawford does, however, assert that he did not receive a "full and fair hearing" in state court. The record shows that the trial court denied Crawford's petition for post-conviction relief under Rule 37.1 without holding an evidentiary hearing. And the State does not argue that Crawford failed to develop the factual basis of his claim due to a lack of diligence. *Cf. Gingras v. Weber*, 543 F.3d 1001, 1004 (8th Cir. 2008) ("An applicant has 'failed to develop' a claim only where 'there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'" (quoting *Williams v. Taylor*, 529 U.S. at 432)). Thus, we will assume for purposes of this appeal that Crawford's request for an evidentiary hearing was not barred by § 2254(e)(2). *See Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002).

Given that assumption, the decision whether to grant or deny the requested hearing "rest[ed] in the discretion of the district court." *Williams v. Norris*, 576 F.3d at 860 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007)). The Supreme Court has said that "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474. It follows that a court "must take into account" the "deferential standards prescribed by § 2254." *Id.* If the factual allegations a petitioner seeks to prove would not entitle him to relief under the relevant standard, then an evidentiary hearing is not required. *See Johnston*, 288 F.3d at 1059; *see also Newton*

*v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004) ("[T]he court may deny an evidentiary hearing if such a hearing would not assist in resolving the petitioner's claim.").

The relevant standard for determining Crawford's entitlement to relief is set out in § 2254(d), which provides that

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

Crawford cannot plausibly argue that the Arkansas Supreme Court's adjudication of his ineffective assistance claim resulted in a decision that was "contrary to" clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000) (holding that a state-court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent"). The Arkansas Supreme Court did not apply a rule that contradicts the governing law set forth in the U.S. Supreme Court's cases; on the contrary, the Arkansas Supreme Court applied *Strickland v. Washington*, 466 U.S. 668 (1984), the decision which established the general standard for evaluating ineffective assistance of counsel claims, *see Knowles v. Mirzayance*, 556 U.S. ---, 129 S. Ct. 1411, 1419 (2009). Crawford has not identified a decision of the U.S. Supreme Court involving a set of facts that are materially indistinguishable from the facts of his case, and we are not aware of one.

The question thus becomes whether an evidentiary hearing could have allowed Crawford to show that the Arkansas Supreme Court's decision "involved an unreasonable application of" clearly established federal law. A state-court decision "involve[s] an unreasonable application of" clearly established federal law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. at 407-08. There is no dispute that the Arkansas Supreme Court correctly identified the governing law. In particular, the court noted that to obtain the reversal of a conviction for ineffective assistance of counsel under *Strickland*, a defendant must prove two things: first, that "counsel's performance was deficient," and second, "that the deficient performance prejudiced the defense." *See Strickland*, 466 U.S. at 687. Although the Arkansas Supreme Court held that Crawford failed to show either deficient performance or prejudice, we need address only the ruling on prejudice. *See Williams v. Norris*, 576 F.3d at 858.

In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Mirzayance*, 129 S. Ct. at 1420 (quoting *Schriro*, 550 U.S. at 473). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Here, the Arkansas Supreme Court found that Crawford's factual allegations did not prove that his counsel's alleged error—not calling Hamdini as a witness—prejudiced his defense. In this context, "prejudice" means "a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In turn, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* The Arkansas Supreme Court determined that there was no prejudice under *Strickland* because "even had Mr.

Hamdini testified as [Crawford] alleged that he would, [Crawford] did not show that this testimony was sufficient to have changed the outcome of the trial." In other words, Crawford failed to prove that there was a reasonable probability that Hamdini's testimony would have led to his acquittal on either the kidnapping charge or the rape charge.

Having carefully reviewed the record, we find that the Arkansas Supreme Court reasonably applied *Strickland* to the facts of this case. As the district court put it, the State presented "ample" evidence at trial that Crawford kidnapped the victim. It is highly improbable that Hamdini's testimony would have caused the jury to acquit Crawford on the kidnapping charge. *See Mirzayance*, 129 S. Ct. at 1422. And it is even more improbable that Hamdini's testimony—which apparently would not have addressed the rape at all—would have caused the jury to acquit Crawford on the rape charge. In light of these considerations, an evidentiary hearing concerning Hamdini's testimony would not have allowed Crawford to show that the Arkansas Supreme Court's decision involved an unreasonable application of *Strickland*. *See Schriro*, 550 U.S. at 474; *Johnston*, 288 F.3d at 1059. Accordingly, the district court did not abuse its discretion in dismissing Crawford's petition without holding an evidentiary hearing.

For the foregoing reasons, we affirm the judgment of the district court.

_____