STUCKY, Judge,
with whom RYAN, Judge, joins (concurring in part and dissenting in part and in the result):
I concur in the majority’s opinion holding that burglary under Article 129, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 929 (2006), always constitutes the offense of housebreaking under Article 130, UCMJ, 10 U.S.C. § 930 (2006), and therefore that housebreaking is necessarily included in— and is a lesser included offense of — the offense of burglary under the elements test of United States v. Jones, 68 M.J. 465 (C.A.A.F.2010). See United States v. Arriaga, 70 M.J. at 53-55 (C.A.A.F.2011). However, I disagree with the majority’s analysis of Issue II — whether Appellant was deprived of his right to speedy post-trial review — and would hold that Appellant’s due process rights were not violated and would therefore affirm the decision of the United States Ar Force Court of Criminal Appeals (CCA).
I. Background
Appellant was sentenced on August 28, 2008. During sentencing proceedings, Appellant was awarded 156 days of pretrial confinement credit. The first court reporter began transcribing the record of trial on September 26, 2008, and continued to do so until November 17, 2008. The second court reporter began transcribing the rest of the record of trial on November 19, 2008, and finished on December 15, 2008. The record was then reviewed for accuracy and signed by trial counsel on February 5, 2009, and by defense counsel. On January 30 and February 5, 2009, the record was sent to the military judge; on March 2, 2009, the military judge authenticated the record. The staff judge advocate (SJA) completed his recommendation on March 9, 2009, and presented it to the convening authority. On March 25, 2009, Appellant submitted a clemency petition pursuant to Rules for Court-Martial (R.C.M.) 1105 and 1106, with multiple exhibits, labeled A through BW. On April 23, 2009, the SJA completed an addendum in which he provided the convening authority with advice regarding Appellant’s clemency submission. On April 27, 2009, 243 days after Appellant was sentenced, the convening authority took action in Appellant’s case.
On May 14, 2009, Appellant’s case was docketed with the Air Force court administrative staff and a date was set for hearing before the CCA. While pending before the CCA, defense counsel twice, on October 15, 2009,[1] and on December 3, 2009, requested thirty-day enlargements of time to submit a brief, citing as reasons for the request that the record of trial was 820 pages long, and that there were 11 prosecution exhibits, 60 defense exhibits, and 57 appellate exhibits. Both of these enlargement motions were granted.
*60 On May 7, 2010, the CCA reduced Appellant’s sentence to two years of confinement from four and otherwise affirmed. On May 10, the Government filed a motion seeking reconsideration, which the CCA denied on May 12. On May 14, 2010, Appellant was released from confinement.
II. Law
The majority is of course correct in holding that a servicemember has a due process right under the Fifth Amendment “to a timely ‘full and fair review of his findings and sentence.’” Arriaga, 70 M.J. at 56 (citation omitted); accord United States v. Moreno, 63 M.J. 129, 132 (C.A.A.F.2006); United States v. Bush, 68 M.J. 96, 105 (C.A.A.F.2009) (Ryan and Stucky, JJ., concurring in the judgment). In order to determine whether this right has been violated, this Court applies the Supreme Court’s Sixth Amendment, Speedy Trial Clause jurisprudence, including, when appropriate, the factor analysis of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). See Moreno, 63 M.J. at 135; Bush, 68 M.J. at 105 (Ryan and Stucky, JJ., concurring in the judgment).
Here my analysis diverges from that of the majority. Before a reviewing court will apply the Barker factors, “an accused must allege that the [relevant] interval ... has crossed the threshold dividing ordinary from ‘presumptively prejudicial’ delay.” Doggett v. United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (noting that, “by definition,” an accused cannot complain that he has been denied speedy processing if his case has “in fact, [been] prosecuted ... with customary promptness”). Whether a delay is “presumptively prejudicial” is necessarily dependent upon the peculiar circumstances of the case. See id.; Barker, 407 U.S. at 530-31, 92 S.Ct. 2182; United States v. Thompson, 68 M.J. 308, 315 (C.A.A.F.2010) (Stucky, J., concurring in the result). A showing of presumptively prejudicial delay does not end the inquiry. It merely “trigger[s] a speedy trial analysis” under the Barker factors. Doggett, 505 U.S. at 651, 112 S.Ct. 2686. However, “[a] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause.” Reed v. Farley, 512 U.S. 339, 353, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); Bush, 68 M.J. at 106-07 (Ryan and Stucky, JJ., concurring in the judgment); accord Taylor v. Roper, 561 F.3d 859, 863 (8th Cir.2009) (quoting Reed, 512 U.S. at 353, 114 S.Ct. 2291). But see United States v. Dowdell, 595 F.3d 50, 60 (1st Cir.2010) (stating that prejudice is not required, without addressing the application of Reed).
In applying Sixth Amendment Speedy Trial Clause jurisprudence to Fifth Amendment due process claims regarding review of court-martial convictions, the majority has abandoned three fundamental principles underlying that jurisprudence: (1) that a showing of presumptive prejudice sufficient to trigger Barker analysis be made on the particular circumstances of the case; (2) that the judiciary lacks the “constitutional basis” to engage in “legislative or rulemaking activity” in the context of a right to a speedy trial, see Barker, 407 U.S. at 523, 92 S.Ct. 2182; and (3) that the accused must demonstrate prejudice resulting from the delay.
In Moreno, the Court rejected and denounced as “draconian” the Supreme Court’s method of requiring a showing of presumptive prejudice — that the delay in an accused’s case was longer than it should have been — • considering the circumstances, in order to trigger full Barker analysis. Moreno, 63 M.J. at 142 (explaining that “less draconian” measures would, at least for the time being, be sufficient to “deter ... delays”). In its place, the Moreno court established a “presumption of unreasonable delay” that, like the “draconian” presumptively prejudicial delay, serves both “to trigger the four-part Barker analysis,” and also to “satisfy[] the first Barker factor.” Id. Compare id., with Doggett, 505 U.S. at 651-52, 112 S.Ct. 2686; Barker, 407 U.S. at 530-31, 92 S.Ct. 2182.
The Moreno court’s presumption of unreasonable delay ignores the Supreme Court’s requirement that a civilian court must consider allegations of improper delay in the context of the particular circumstances. In place of that requirement, the Moreno court established a fixed time period for all cases: *61 the convening authority must act within 120 days after the date of the completion of trial. 63 M.J. at 142. The majority’s view that a presumption of unreasonable delay arises whenever the convening authority has not acted within 120 days of the completion of trial is simply arbitrary. There is no reason to expect that a fixed period of post-trial delay should trigger heightened review regardless of the length of the trial record or other factors, such as whether the case involves a simple, judge alone plea of guilty to a single specification crime such as wrongful use of cocaine, or, for example, a contested ease heard by a panel involving premeditated murder, multiple conspiracies and eo-ae-cuseds, and the possibility of the death penalty. See Barker, 407 U.S. at 530, 92 S.Ct. 2182; Thompson, 68 M.J. at 315 (Stucky, J., concurring in the result).
Second, just as the Barker court refused to engage in “legislative or rulemaking activity” in order to remedy the recurring problem of delay in the civilian context, so too the Moreno court should have rejected such an approach in the military context. Compare Barker, 407 U.S. at 523, 92 S.Ct. 2182, with Moreno, 63 M.J. at 152 (Crawford, J., dissenting in part and concurring in part and in the result) (noting that the United States Court of Appeals for the Armed Forces “is not a rulemaking body,” and that “[t]he Court should leave the rulemaking function where it belongs — to the executive and legislative branches”).
Finally, the majority has also abandoned a third fundamental requirement of the Supreme Court’s speedy trial jurisprudence: that, the accused must, in most cases, show prejudice. Bush, 68 M.J. at 105-06 (Ryan and Stucky, JJ., concurring in the judgment) (citing Reed, 512 U.S. at 353, 114 S.Ct. 2291). In United States v. Toohey, the majority determined that, despite a complete lack of prejudice, an accused’s due process rights can nonetheless be violated on the basis of public perception. 63 M.J. 353, 362 (C.A.A.F.2006). I continue to believe that “we should cease the practice of basing due process violations on public perception.” Bush, 68 M.J. at 105 (Ryan and Stucky, JJ., concurring in the judgment). This is not to say that excessive delay may not be prejudicial, depending, of course, on the facts and circumstances of the case. Normally, though, prejudice will be demonstrated pursuant to Barker. Cf. Reed, 512 U.S. at 353, 114 S.Ct. 2291 (citing Barker, 407 U.S. at 530, 92 S.Ct. 2182).
III. Application
Considering the particular facts of this case, including that Appellant was charged with burglary as well as aggravated sexual assault, assault consummated by a battery, and multiple allegations of indecent assault against multiple victims, that the trial involved testimony provided by seven witnesses, that the trial record was 820 pages long, that trial counsel was on maternity leave for part of the post-trial review, that Appellant submitted a clemency petition for consideration, and that the CCA’s decision was delayed by two defense motions based on the complexity of the case, I would find that the 243-day delay between the completion of trial and the convening authority’s action does not give rise to a presumption of prejudice triggering full Barker factor analysis. Having failed to make this initial showing, Appellant’s rights were not violated.
However, even if Appellant had made a showing of presumptive prejudice sufficient to trigger full Barker analysis, Appellant has failed to demonstrate prejudice in fact. “Our analysis of prejudice” in the context of post-trial delay considers three interests:
“(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that a convicted person’s grounds for appeal, and his or her defenses in ease of reversal and retrial, might be impaired.”
Moreno, 63 M.J. at 138-39 (quoting Rheuark v. Shaw, 628 F.2d 297, 303 n. 8 (5th Cir.1980)). Appellant’s claim of prejudice is based on the first two interests. He argues that he was oppressively incarcerated and alleges that he experienced anxiety.
Appellant’s claim that he was oppressively incarcerated is speculative at best. When *62 Appellant was sentenced on August 28, 2008, he was sentenced to four years of confinement. When arguing his case before the CCA, Appellant raised the same speedy trial claim this Court now addresses regarding the delay in the convening authority’s action. On May 7, 2010, the CCA reduced Appellant’s sentence of confinement from four years to two. According to Appellant’s calculations, the CCA’s judgment meant that he should have been released on March 25, 2010, forty-four days prior to the CCA’s judgment.[2] On May 14, 2010, just two days after the CCA denied the Government’s motion for reconsideration, Appellant was released. Appellant also claims that he was due 108 days of good conduct time credit on the basis of Air Force and Department of Defense regulations. As a result, Appellant claims that the combined effect of the CCA’s decision and the 243-day delay between completion of trial and action by the convening authority meant that he had been, in total, confined for 159 days longer than he should have been.
Appellant’s claim of prejudice due to oppressive incarceration must fail. To begin with, Appellant’s claim that he is due 108 days of good conduct time credit must be rejected. This Court has neither the jurisdiction to review this administrative matter, see United States v. Pena, 64 M.J. 259, 264 (C.A.A.F.2007); United States v. Spaustat, 57 M.J. 256, 263 (C.A.A.F.2002), nor, if it had jurisdiction, the ability to find the facts necessary to apply the regulations, see, e.g., Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2006).
Appellant’s claim that he should be granted relief as a result of his anxiety is without merit both because he has not alleged that his anxiety was “particularized” and “distinguishable from the normal anxiety experienced by prisoners awaiting an appellate decision,” Moreno, 63 M.J. at 140, and because the claimed source of Appellant’s anxiety is a sex offender registration requirement connected to a conviction not contested before this Court.
Both of these claims are based upon an assumption that, had the initial delay not occurred during the period between the court-martial and the convening authority’s action, Appellant’s case would have been resolved by the CCA earlier, thereby leading to an earlier release date for Appellant. This assumption is entirely speculative — there is no basis in fact given for the assertion that the CCA would have issued its opinion earlier had the convening authority’s action occurred sooner. The CCA, in granting Appellant such substantial relief, acted with full knowledge of Appellant’s claim that his due process rights had been violated. In its opinion, the CCA explained that it had considered Appellant’s claim and found any error to be harmless beyond a reasonable doubt.[3] Appellant’s argument that he would have been released earlier had the convening authority not taken 243 days to act is directly based on the fact that, slightly over two years into Appellant’s four-year sentence, the CCA halved Appellant’s period of confinement. But we do not know whether the CCA would have granted Appellant such substantial relief had the convening authority’s action occurred earlier, thus depriving him of the post-trial delay claim he brought before the CCA.
In the end, however, what the CCA might have done under different circumstances does not matter in assessing prejudice. In light of the speculative nature of Appellant’s claim, the very substantial sentence relief he *63 received from the CCA, and the fact that he was released just two days after the CCA denied the Government’s motion for reconsideration, even if Appellant had demonstrated that the delay between sentencing and the convening authority’s action was presumptively prejudicial on the basis of the particular facts of his case, the delay did not violate Appellant’s right to have his case processed in a timely manner.
I would affirm the decision of the United States Air Force Court of Criminal Appeals.

. According to defense counsel's assertion in the document regarding the timeline of the case, October 15 should have been the filing date. However, this document is also stamped with the date "November 3, 2009,” though the significance of this stamp is unexplained.

. Because Appellant directs this Court’s attention to the CCA’s judgment as a cause for granting relief, it is of note that Appellant requested and was granted two enlargements of time of thirty days each to submit his brief at the CCA.

. Though the CCA referred to ’’the additional 123-day delay,” the CCA appears to have considered the entire 243-day period in conducting its analysis. Though I disagree with the establishment of a fixed period for presumptively unreasonable delay set forth in Moreno, 63 M.J. at 142 (setting forth a fixed period of 120 days between the completion of the trial and convening authority action), it is in any event improper to do as the Government requested and subtract that 120-day period from the total period of delay when analyzing whether Appellant’s right to speedy post-trial review has been violated. United States v. Canchola, 64 M.J. 245, 247 n. 2 (C.A.A.F.2007).