# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1804

———————

Donald Leonard Keys,                    *
                                        *
      Plaintiff - Appellant,           *
                                        *   Appeal from the United States
    v.                                  *   District Court for the
                                        *   District of Minnesota.
United States of America,               *
                                        *
      Defendant - Appellee.            *

———————

Submitted: March 11, 2008
Filed: November 6, 2008

———————

Before BYE, SMITH, and COLLOTON, Circuit Judges.

———————

BYE, Circuit Judge.

    Donald Leonard Keys appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion to vacate, set aside or correct his conviction.  We affirm.

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I

On June 17, 2004, a jury convicted Keys of producing and possessing child pornography in violation of 18 U.S.C. §§ 2251 and 2252, respectively. The jury also returned a special verdict finding Keys's residence, automobile, camera, computer, and digital images subject to forfeiture under 18 U.S.C. § 2253.[2] Prior to sentencing, the government filed a motion for a preliminary order of forfeiture based on the jury's special verdict. Keys opposed the motion in part, arguing forfeiture of his residence would constitute an excessive penalty in violation of the Excessive Fines Clause of the Eighth Amendment.

On December 6, 2004, the court sentenced Keys to a mandatory minimum term of 180 months imprisonment on the production count and a concurrent term of 120 months on the possession count.[3] The court indicated it would issue a separate order regarding the issue of forfeiture. Keys did not appeal his conviction or his sentence.

On December 13, 2004, the court granted in part and denied in part the government's motion for an order of forfeiture, holding forfeiture of Keys's home would be an excessive fine within the meaning of the Eighth Amendment. On January 5, 2005, the government filed a notice of appeal of the court's forfeiture order. The appeal was ultimately dismissed on the parties' stipulation.

Almost a year later, on December 8, 2005, Keys filed a pro se motion pursuant to 28 U.S.C. § 2255 arguing, among other things, he had received ineffective

---

[2]The statute governing during Keys's trial required the court to order forfeiture of property if, after conviction of a child pornography offense under 18 U.S.C. §§ 2251, 2251A or 2252, the trier of fact found beyond a reasonable doubt the property was used to commit or facilitate the commission of the offense.

[3]The guidelines range applicable to Keys was 235 to 293 months. The court, however, granted Keys's motion for a downward departure.

assistance of counsel when his attorney failed to file a direct appeal on his behalf and failed to notify him of his right to file a cross-appeal after the government filed an appeal challenging the forfeiture order. The district court held an evidentiary hearing on this issue.

After hearing testimony from Keys, his trial attorney, Earl Gray, and an expert in the field of criminal defense, Daniel Scott, the district court denied the § 2255 motion. See United States v. Keys, 469 F. Supp. 2d 742, 745 (D. Minn. 2007). With respect to Keys's ineffective assistance claims, the district court held Gray consulted with Keys following sentencing and Keys decided not to appeal. Id. at 749. The district court further held Gray did not have a duty to consult Keys a second time after the government appealed the court's forfeiture order. See id. at 750-51. The district court granted a certificate of appealability limited to the issue whether Keys's attorney was ineffective in failing to file a notice of appeal or cross-appeal. This appeal followed.

II

Questions of ineffective assistance of counsel are mixed questions of law and fact. See, e.g., Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). We review the district court's factual findings for clear error and the legal question whether those findings amount to ineffective assistance de novo. Id.

In analyzing ineffective assistance claims, we apply the "now-familiar" test announced in Strickland v. Washington, 466 U.S. 668 (1984): "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (quoting Strickland, 466 U.S. at 688, 694).

## III

We first address the issue whether Gray was ineffective in failing to file an appeal within ten days of the entry of the criminal judgment. Keys does not contend he instructed Gray to file a notice of appeal on his behalf. Rather, he claims Gray failed to give adequate explanations to him about the appeals process and the advantages and disadvantages of an appeal. Keys maintains Gray's inadequate advice led him to believe Gray was going to file an appeal on his behalf. Moreover, Keys contends had Gray adequately consulted with him about his right to appeal, he would have directed Gray to file a notice of appeal on his behalf.

To satisfy the duty to consult, counsel must advise a defendant of the advantages and disadvantages of appealing and make a reasonable effort to determine his wishes. Flores-Ortega, 528 U.S. at 478. In this case, the district court found Gray talked to Keys about his right to appeal before and immediately following sentencing. Prior to sentencing, Gray explained to Keys what it means "to appeal" and informed Keys of his right to appeal various aspects of the criminal prosecution, including the court's pre-trial rulings. At sentencing, the district court expressly informed Keys he had ten days from the date of the sentencing hearing to file a notice of appeal, that he was to talk to his attorney regarding whether he wanted to file an appeal, and he would lose his right to appeal if he did not act within ten days. When the court asked if Keys understood, he answered "yes." Immediately following sentencing, Gray and Keys discussed briefly whether Keys wanted to appeal. During this conversation, Gray encouraged Keys to file an appeal and informed him the government might appeal the forfeiture order.

The district court's findings of fact are supported by the record, and Keys has presented no basis for us to conclude they are clearly erroneous. Accordingly, we affirm the district court's holding the advice Gray provided Keys both prior to and

immediately following sentencing was sufficient to fulfill his obligations under Flores-Ortega.

Once counsel consults with a defendant about his right to appeal, his subsequent performance is professionally unreasonable only if he fails "to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, 528 U.S. at 478. The district court found, and Keys does not dispute, that despite Gray's advice to appeal, Keys told Gray he did not want to appeal. Therefore, by not filing an appeal, Gray was following Keys's express instruction. Accordingly, Keys has failed to establish Gray's performance in failing to file a notice of appeal within ten days fell "below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

IV

We next address whether trial counsel was ineffective in failing to inform Keys about his right to file a cross-appeal after the government filed a notice of appeal.[4] According to Keys, he was not aware he had a second opportunity to file an appeal and, had he been, he would have told his attorney to file a cross-appeal.

Under federal law, a criminal defendant convicted by a jury has a right to appeal both his conviction and his sentence. The decision whether to appeal belongs to the defendant alone. See Jones v. Barnes, 463 U.S. 745, 751 (1983) (citations omitted);

---

[4]Federal Rule of Appellate Procedure 4(b) provides that, in a criminal case:

> a defendant's notice of appeal must be filed in the district court within 10 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or
> (ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A).

-5-

American Bar Ass'n., Standards for Criminal Justice 4-5.2 (3d ed. 1993) ("Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused . . . include . . . whether to appeal.").

To make a decision, a defendant must have knowledge of his right to appeal. A defendant must be told of his right to appeal, the procedures and time limits involved in proceeding with an appeal, and, if indigent, of his right to appointed counsel on appeal. See White v. Johnson, 180 F.3d at 652 (5th Cir. 1999); United States v. Faubion, 19 F.3d 226, 231 (5th Cir. 1994) ("The Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and the right to appointed counsel on appeal.'") (internal citation omitted); Norris v. Wainwright, 588 F.2d 130, 135 (5th Cir. 1979); Shiflett v. Com. of Va., 447 F.2d 50, 53 (4th Cir. 1971) ("[A]lthough matters of strategy and tactics are principally for the lawyer to determine, the decision to exercise or forego a guaranteed right is for the defendant alone to make. Although he will, it is hoped, be guided by counsel's advice, he must be unfettered by improper hindrances . . . and he must be provided full information on which to make an informed choice . . ..") (citations omitted); Nelson v. Peyton, 415 F.2d 1154, 1156 (4th Cir. 1969) ("In the instant case the determinative, basic question is whether petitioner knew that he had a right to appeal. We conclude that petitioner did not, and the absence of such knowledge is a clear indication that he was denied the effective assistance of counsel. This follows because he did have a right to appeal, and it was the duty of his counsel to advise him of the right and how and when to exercise it.").

In this case, it is undisputed Gray did not inform Keys, nor did Keys have independent knowledge, of his right to cross-appeal.[5] Further, Gray testified his

_____

[5]While the district court advised Keys of his right to appeal within ten days from the entry of the criminal judgment, it did not advise him he could cross-appeal in the event the government filed a notice of appeal.

failure to inform Keys of his ability to file a cross-appeal was due to his ignorance of the rule, and was not a strategic or tactical decision. See Hooper v. United States, 112 F.3d 83, 87 (2d Cir. 1997) (holding counsel performed deficiently where he failed to file timely a notice of appeal due to his ignorance of the Rules). Under these circumstances, we conclude Gray performed deficiently by failing to inform Keys of his right to cross-appeal. See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993) ("[W]e conclude that counsel's failure to inform Gipson of the time limit for filing an appeal was objectively unreasonable."). This conclusion does not, however, end our inquiry. We still must determine whether Keys was prejudiced as a result of counsel's deficient performance. See Flores-Ortega, 528 U.S. at 476-77 (quoting and citing Strickland, 466 U.S. at 688, 694).

As the Supreme Court explained in Flores-Ortega: "[C]ounsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." 528 U.S. at 484. We see no reason why this standard should not apply to an ineffective assistance claim based on trial counsel's failure to notify defendant of his right to cross-appeal. It restores the defendant to the position he would have occupied had he been competently counseled.

In this case, Keys has not demonstrated that, but for Gray's failure to advise him of his right to cross-appeal, he would have appealed. We can envision cases where a defendant who initially did not want to appeal would change his mind after the government appeals because, at that point, he has nothing to lose. This, however, is not such a case. After sentencing, Gray discussed with Keys his right to appeal. During the discussion, the specific reason Gray gave Keys for appealing was that the government intended to appeal the court's forfeiture order. Armed with that knowledge, Keys nonetheless expressly stated he did not want to appeal. Under these circumstances, Keys has failed to show substantial reasons for us to believe he would

have appealed; moreover, Keys received the mandatory minimum sentence and, at the time the government filed its notice of appeal, he had no nonfrivolous arguments for overturning his conviction. See id. at 486 ("[A]lthough showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to specify the points he would raise were his right to appeal reinstated will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed." (internal citation and quotation omitted)).  Given the record, we find there is no reasonable probability that, but for Gray's failure to notify Keys of his right to file a cross appeal, Keys would have appealed his conviction or sentence.  Because Keys has failed to show prejudice as a result of his counsel's deficient performance, his ineffective assistance claim fails.

V

Accordingly, we affirm the district court's order denying Keys's § 2255 motion.

_____