[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13701
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-22555-CV-UUB,
03-20712-CR-UUB

DEMARICK HUNTER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PRYOR, Circuit Judge:

This appeal presents the issue whether a criminal defendant who was

erroneously sentenced has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Demarick Hunter is a federal prisoner serving a sentence of imprisonment of 188 months for being a felon in possession of a firearm, 18 U.S.C. § 924(g). He moved to vacate his sentence, 28 U.S.C. § 2255, and the district court denied his motion. Hunter then sought a certificate of appealability from this Court, and we denied the application. The Supreme Court vacated our order denying the certificate of appealability and remanded for reconsideration in the light of its decision in Begay v. United States, 553 U.S. __, 128 S. Ct. 1581 (2008), which held that driving under the influence was not a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Because Hunter has failed to make "a substantial showing of the denial of a constitutional right," we deny his motion for a certificate of appealability.

Hunter requests a certificate of appealability for two issues that are relevant to the decision of the Supreme Court in Begay. First, Hunter contends that his due process rights were violated when he was sentenced as an armed career criminal based on two prior convictions for carrying a concealed weapon. Second, Hunter argues that his appellate counsel was ineffective for failing to object to the use of his prior firearms convictions in determining that he was subject to an armed career criminal enhancement. Neither argument involves a substantial showing of the

2

denial of a constitutional right.

Before the decision of the Supreme Court in Begay, we held that carrying a concealed weapon was a violent felony under the Armed Career Criminal Act, United States v. Hall, 77 F.3d 398, 401 (11th Cir. 1996), and was a "crime of violence" under the Sentencing Guidelines, United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998). After Begay, a panel of this Court determined that these prior panel precedents had been undermined to the point of abrogation by the decision of the Supreme Court. United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008). This Court also stated, in dicta, that carrying a concealed weapon is not a violent felony under the Armed Career Criminal Act. Id.

Although Begay provides good reason to conclude that Hunter was erroneously sentenced as an armed career criminal, a sentencing error alone does not amount to "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before Congress enacted the Antiterrorism and Effective Death Penalty Act, id., the decision of the Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 103 S. Ct. 3383 (1983), provided the standard for granting a certificate of probable cause, which required a petitioner to make a "substantial showing of the denial of a federal right." Id. at 893, 103 S. Ct at 3394 (internal quotation marks omitted). The Antiterrorism and Effective Death Penalty Act

3

substituted the narrower term "constitutional" for the term "federal":

> Under AEDPA, a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Except for substituting the word "constitutional" for the word "federal," § 2253 is a codification of the CPC standard announced in Barefoot v. Estelle. Congress had before it the meaning Barefoot had given to the words it selected; and we give the language found in § 2253(c) the meaning ascribed it in Barefoot, with due note for the substitution of the word "constitutional."

Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603 (2000) (citation omitted). "The term 'constitutional right' means something very different from the term 'federal right,' and because we must assume Congress 'means in a statute what it says,' Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149–50 (1992), we give effect to the change." United States v. Cepero, 224 F.3d 263, 264 (3d Cir. 2000) (en banc). We may issue a certificate of appealability only where a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (emphasis added).

Although Hunter presents his arguments for a certificate of appealability as involving a denial of due process and ineffective assistance of counsel, Hunter's sentencing error did not give rise to a violation of the Constitution. Hunter was afforded due process at his sentencing hearing, and sentencing errors "are generally not cognizable in a collateral attack." Buggs v. United States, 153 F.3d 439, 443 (7th Cir. 1998); see also Cepero, 224 F.3d at 267–68; United States v. Segler, 37

4

F.3d 1131, 1134 (5th Cir. 1994). To prevail on a claim of ineffective assistance of counsel, Hunter must prove that "'no competent counsel would have taken the action that his counsel did take.'" Ford v. Hall, 546 F.3d 1326, 1333 (11th Cir. 2008) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). Hunter cannot satisfy that burden because, when his original sentence and direct appeal occurred, our precedent, Hall, 77 F.3d 398, foreclosed the argument that carrying a concealed weapon was not a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Hunter's application for a certificate of appealability is **DENIED.**