[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15962
Non-Argument Calendar

_____

D. C. Docket No. 02-80123-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMARI SHARIFA COLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2009)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Omari Sharifa Coley appeals the district court's denial of his pro se "Motion

Pursuant To the Law of the Case Doctrine," which the district court construed as a 28 U.S.C. § 2255 motion to vacate his sentence.

## I.

Coley's motion challenged his career-offender status under the sentencing guidelines, U.S.S.G. § 4B1.1. In 2003 Coley was sentenced as a career offender based in part on a previous Florida conviction for carrying a concealed firearm. See U.S.S.G. § 4B1.1(a). At the time of Coley's sentencing, this circuit considered carrying a concealed firearm a "crime of violence" under § 4B1.1(a). See United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998) ("We thus hold that carrying a concealed weapon in violation of Florida law is a "crime of violence. . ."). However, our interpretation of § 4B1.1 has since changed in accordance with the Supreme Court's decision in Begay v. United States, 553 U.S. __, 128 S. Ct. 1581, 1586 (2008). See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (holding that, after Begay, carrying a concealed firearm was not a "crime of violence" under U.S.S.G. § 4B1.1 and that Gilbert had been abrogated).

Therefore Coley's motion argued that his concealed firearm conviction could no longer serve as a predicate "crime of violence" in light of Begay and Archer. Accordingly, Coley asked that his sentence be set aside and reconsidered without the career-offender enhancement.

2

The district court denied Coley's motion. It observed that Coley was asking for a retroactive application of Begay, but because the Supreme Court did not "expressly indicate" that Begay would apply retroactively on collateral review, the district court declined to so apply it. Coley requested a certificate of appealability on the issue of whether Archer and Begay apply retroactively and the district court granted it.[1] The court also accepted Coley's contention, made through counsel, that his original pro se motion should be construed as a § 2255 motion to set aside his sentence.

## II.

The first issue is whether Coley's motion was properly recharacterized as a § 2255 motion to set aside Coley's sentence. It was.

The government argues that the district court should not have considered

---

[1] We observe that the certificate of appealability in this case should not have been granted. Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Hunter v. United States, 559 F.3d 1188, 1189 (11th Cir. 2009), we stated that "Although Begay provides good reason to conclude that [the prisoner] was erroneously sentenced as an armed career criminal, a sentencing error alone does not amount to 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2)." Id. Accordingly, in Hunter we denied the prisoner a certificate of appealability. Id. at 1191.

However, the government has not challenged the certificate of appealability. And we do not sua sponte challenge the propriety of a granted certificate. See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) ("An obligation to determine whether a certificate should have been issued, even if the parties do not present this issue for decision . . . would increase the complexity of appeals in collateral attacks and the judicial effort required to resolve them, the opposite of the legislative plan . . . . This we will not do.") (internal quotation marks and citation omitted).

3

Coley's motion under § 2255 because the court failed to give Coley notice of its intent to recharacterize his motion, as required by Castro v. United States, 540 U.S. 375, 124 S. Ct. 785, 792 (2003). But the point of Castro is that a pro se litigant must be warned before a district court recharacterizes his motion as one brought under § 2255. The reason for this requirement is to avoid surprising that litigant later when he tries to file what he believes is a first § 2255 motion, but then is forced to surmount the much higher standard for a second or successive § 2255 motion. Id. at 377, 124 S. Ct. at 789.

Castro's protections therefore exist to protect pro se litigants from unfair surprises based on recharacterization. In this case Coley later obtained counsel and through counsel he specifically asked the district court to consider his motion as one brought under § 2255. The protections of Castro are inapposite here. Coley's motion is to be considered, as he requested, one arising under § 2255.

**III.**

"In a § 2255 proceeding, we review legal issues de novo." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). The legal question presented by the certificate of appealability is whether the Supreme Court's decision in Begay, and our circuit's application of Begay in Archer, can apply retroactively during § 2255 proceedings. 28 U.S.C. § 2255 states, in pertinent part, that:

4

A prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

However, the Supreme Court has foreclosed using § 2255 as Coley wishes to in this case. In Stone v. Powell, 428 U.S. 465, 478 n.10, 96 S. Ct. 3037, 3044 n.10 (1976), the Court stated that "28 U.S.C. § 2255 will not be allowed to do service for an appeal. . . . For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." Id. (citing Sunal v. Large, 332 U.S. 174, 178–79, 67 S. Ct. 1588, 1590–91 (1947), Davis v. United States, 417 U.S. 333, 345–46 n. 15, 94 S. Ct. 2298, 2304–05 (1974) (internal quotation marks and citations omitted)). We have clarified that "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232–33 (2004) (emphasis added).

Coley has not argued that his sentence violates any constitutional right, but only that it violates the sentencing guidelines after Begay and Archer. See Hunter, 559 F.3d at 1189 (observing that because a prisoner erroneously sentenced as an armed career criminal had failed to show the denial of a constitutional right, he

5

could not attack his sentence in a § 2255 proceeding). Accordingly, if Coley's claim "could . . . have been raised on direct appeal," then it is not cognizable under § 2255. See Lynn, 365 F.3d at 1233. "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Id. at 1233 n.14 (citation omitted).

Coley did not raise this issue on direct appeal. In fact, it appears that he filed no direct appeal at all. Nor does Coley offer any reason why he could not have raised this issue on direct appeal. Of course, Begay and Archer had not yet been decided when Coley was sentenced in 2003; however, if he believed that his career offender status was improper under the guidelines that claim could have been made on direct appeal— just as Begay and Archer later did. Cf. Smith v. Murray, 477 U.S. 527, 534–35, 106 S. Ct. 2661, 2666 (1986) (holding that perceived futility in raising an issue on direct appeal does not constitute cause for not doing so); Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal citation and quotation marks omitted); Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they

6

will be unsympathetic to the claim.").

Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under § 2255.

**AFFIRMED.**