# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2527

_____

Denise D. Toledo,                              *
                                               *
    Movant - Appellant,                *
                                               *  Appeal from the United States
v.                                             *  District Court for the Western
                                               *  District of Missouri.
United States of America,                      *
                                               *
    Respondent - Appellee.             *

_____

Submitted: May 14, 2009
Filed: September 11, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Denise D. Toledo pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). She was sentenced to the statutorily mandated minimum of 180 months' imprisonment as an armed career criminal pursuant to 18 U.S.C. § 924(e). Toledo appeals from the denial of her motion pursuant to 28 U.S.C. § 2255 to vacate her sentence based on ineffective assistance of counsel. She alleges that she is entitled to post-conviction relief because her attorney withdrew objections to her presentence report that, if sustained, likely would have resulted in a lesser sentence. In particular, she asserts that the predicate offenses relied on at sentencing no longer constitute violent felonies following the Supreme

Court's decision in <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008). The district court[1] denied Toledo's motion but granted a certificate of appealability. We affirm.

Toledo claims that it was ineffective assistance on the part of her sentencing counsel to withdraw objections to the recommendation in the presentence report that she be sentenced as an armed career criminal. The presentence report stated that Toledo had three earlier convictions for violent felonies, all in California state court: two convictions for making terrorist threats in violation of California Penal Code § 422, and one conviction for grand theft from the person, California Penal Code § 487(c). Based on these earlier convictions, the presentence report recommended that Toledo be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). Toledo's then-appointed counsel filed objections to the presentence report, including an objection to her classification as an armed career criminal. That attorney then left the Office of the Federal Public Defender, and Toledo was later appointed substitute counsel at sentencing. Toledo's substitute counsel withdrew all earlier objections to the presentence report, including the objection to Toledo's status as an armed career criminal. Toledo did not directly appeal her sentence but instead filed a pro se motion to vacate her sentence pursuant to 28 U.S.C. § 2255. The district court denied her motion, finding that she suffered no prejudice, and granted a certificate of appealability.

We review claims of ineffective assistance of counsel as mixed questions of law and fact. <u>Keys v. United States</u>, 545 F.3d 644, 646 (8th Cir. 2008). "We review the district court's factual findings for clear error and the legal question whether those findings amount to ineffective assistance de novo." <u>Id.</u> In order to prevail on an ineffective assistance of counsel claim, Toledo must show that (1) her "trial counsel's performance was so deficient as to fall below an objective standard of reasonable

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

competence"; and (2) "the deficient performance prejudiced [her] defense." Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995) (citation omitted). Under the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)). Assuming that counsel's performance has been deficient, the second element of prejudice requires a "reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." Garrett, 78 F.3d at 1301 (citations omitted).

Here, the conduct of Toledo's counsel in withdrawing objections to Toledo's status as an armed career criminal was objectively reasonable. Toledo had two earlier convictions under California's terrorist threat statute, which provides that "[a]ny person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out" is subject to a felony charge of criminal threats. Cal. Penal Code § 422. At the time of her sentencing, violation of this statute constituted a violent felony. See Rosales-Rosales v. Ashcroft, 347 F.3d 714, 717 (9th Cir. 2003) (California Penal Code § 422 is a crime of violence for purposes of finding an alien deportable as an aggravated felon); see also United States v. Clinkscale, 559 F.3d 815, 817 (8th Cir. 2009) (Minnesota's criminal threat statute addresses threats to commit crimes of violence[2]); United States v. Boaz, 558 F.3d 800, 807 (8th Cir. 2009) (threats of death or serious bodily injury); United States v. Reliford, 471 F.3d 913, 917 (8th Cir. 2006) (Kansas's criminal threat statute includes threat to commit violence communicated with intent to terrorize). Toledo also had an earlier conviction for grand theft from the person pursuant to California Penal Code § 487(c), which is violated "[w]hen the property is taken from

---

[2]We construe the terms "violent felony" and "crime of violence" as being interchangeable. United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008); United States v. Spudich, 510 F.3d 834, 836 (8th Cir. 2008).

the person of another." This, too, constituted a violent felony at the time of Toledo's sentencing. See United States v. Wofford, 122 F.3d 787, 793 (9th Cir. 1997) (California Penal Code § 487(c) is a violent felony for purposes of mandatory minimum sentence as an armed career criminal); see also United States v. Hudson, 414 F.3d 931, 935-36 (8th Cir. 2005) (Minnesota's felony theft from a person statute qualifies as a violent felony); United States v. Strong, 415 F.3d 902, 908 (8th Cir. 2005) (Missouri's stealing from a person statute constitutes a crime of violence); United States v. Johnson, 326 F.3d 934, 936-37 (8th Cir. 2003) (Iowa's felony theft from a person statute constitutes a crime of violence). Toledo, therefore, had three earlier convictions for violent felonies, qualifying her for armed career criminal status pursuant to 18 U.S.C. § 924(e) .

Under the state of the law at the time of sentencing, Toledo's counsel simply withdrew objections that had no legal support. When Toledo was sentenced, her predicate offenses were indeed violent felonies.[3] It is not ineffective assistance of counsel to withdraw objections that have no support in the law. See Hunter v. United States, 559 F.3d 1188, 1191 (11th Cir. 2009) (not ineffective assistance of counsel to fail to object when precedent foreclosed the argument that carrying a concealed weapon was not a violent felony under the Armed Career Criminal Act), petition for cert. filed, 78 U.S.L.W. 3065 (U.S. July 24, 2009) (No. 09-122). Accordingly, sentencing counsel's performance did not fall "below an objective standard of reasonable competence." Nave, 62 F.3d at 1035 (citation omitted).

---

[3]Toledo impliedly concedes that the state of the law at the time of her sentencing did not support an objection to the three earlier convictions being classified as violent felonies, as her only argument is that the objection should have been preserved in anticipation of Begay.

Nonetheless, Toledo argues that the Supreme Court's decision in <u>Begay</u>, 128 S. Ct. 1581, renders the crime of grand theft from the person a non-violent felony.[4] However, the argument that this crime would no longer qualify as a violent felony misses the mark. We do not evaluate counsel's performance using "the clarity of hindsight, but in light of the facts and circumstances at the time of trial." <u>Carter v. Hopkins</u>, 92 F.3d 666, 669 (8th Cir. 1996) (citation omitted). Counsel is not accountable for unknown future changes in the law. <u>See</u> <u>Horne v. Trickey</u>, 895 F.2d 497, 500 (8th Cir. 1990) (not ineffective assistance of counsel to fail to foresee "a significant change in existing law."); <u>Parker v. Bowersox</u>, 188 F.3d 923, 929 (8th Cir. 1999) (not ineffective assistance of counsel to "fail[] to anticipate a change in the law"). Here, the Supreme Court did not grant certiorari in <u>Begay</u> until September 25, 2007, nearly a year after Toledo's sentencing. Thus, sentencing counsel's performance was not constitutionally deficient for failure to anticipate future changes in the law. <u>See</u> <u>Hunter</u>, 559 F.3d at 1191 (rejecting similar arguments where crime was a violent felony at sentencing but is no longer because of the Supreme Court's subsequent decision in <u>Begay</u>).

For the foregoing reasons, we affirm the judgment of the district court.

_____

_____

[4]Toledo conceded at oral argument that the decision in <u>Begay</u> does not change the categorization of the crime of terrorist threats as a violent felony.