# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2962

_____

John Michael Yoder,                *
                                     *

       Appellant,          *

                                     *   Appeal from the United States

     v.                    *   District Court for the
                                     *   Southern District of Iowa.

United States of America,     *

                                   *   [UNPUBLISHED]

       Appellee.           *

_____

Submitted: November 9, 2009
Filed: November 13, 2009
_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.
_____

PER CURIAM.

John Yoder appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate the sentence imposed after he was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). The district court issued a certificate of appealability on whether counsel was ineffective in failing to challenge the predicate offenses used to enhance Yoder's sentence under section 924(e) (if defendant has 3 previous convictions for violent felony or serious drug offense, minimum sentence is 15 years). We affirm.

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Yoder's sentence was enhanced based on (1) a 1985 conviction for cocaine possession with intent to distribute, (2) a 1987 conviction for marijuana possession with intent to distribute, and (3) a 1978 conviction for second-degree burglary. He did not appeal his sentence. The district court found in the section 2255 proceedings that--as the government conceded--the marijuana conviction was not a qualifying predicate offense, but that Yoder could not show prejudice from counsel's failure to object because he had an additional qualifying predicate offense: a 1981 Iowa conviction for conspiracy to commit theft, in which he acted as a getaway driver for another person who entered a drug store and stole cash and drugs at gunpoint. As relevant to the single issue properly before us, Yoder argues that his theft-conspiracy conviction did not qualify as a violent-felony predicate offense because conspiracy has no element in which injury is anticipated.

We find no error in the district court's conclusion. See Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009) (factual findings reviewed for clear error and legal conclusions reviewed de novo). Contrary to Yoder's argument, this court has held that the analysis of a prior conspiracy conviction is governed by the substantive offense that was the object of the conspiracy. See United States v. Boaz, 558 F.3d 800, 807 (8th Cir. 2009). In addition, this court has held that theft under the Iowa statute can be committed with or without violence. See United States v. Johnson, 326 F.3d 934, 937 (8th Cir. 2003) (addressing Iowa Code § 714.2). Thus, we examine Yoder's offense conduct, see Boaz, 558 F.3d at 807-08 (citing Begay v. United States, 128 S. Ct. 1581, 1584 (2008)), and we conclude that he violated the section of the theft statute involving a serious potential risk of physical injury, such that the offense was a violent felony for purposes of section 924(e). We also agree with the district court that Yoder's burglary conviction qualified as a predicate offense, see Taylor v. United States, 495 U.S. 575, 599 (1990), and it is undisputed that the cocaine conviction qualified. Accordingly, we agree with the district court that Yoder would have been subject to the enhancement even if counsel had objected to the use of the marijuana conviction, and he cannot show prejudice from counsel's failure to object.

See <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984) (for ineffective-assistance claim, movant must show that counsel's representation was deficient, and that it prejudiced his case such that there is reasonable probability that result would have been different).

The judgment is affirmed.

_____