# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2820
_____

Gillman Roddy Long

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 19, 2017
Filed: November 9, 2017

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Gillman Roddy Long asks us to find his trial counsel ineffective for failing to venture into uncharted territory—territory that this court, and the Supreme Court, have still yet to traverse. We decline to do so, and we affirm the district court[1] in denying his ineffective assistance of counsel claim filed under 28 U.S.C § 2255.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

We previously saw the parties on direct appeal, United States v. Long, 721 F.3d 920 (8th Cir. 2013), and thus highlight only the facts salient to our decision here. In July 2009, Long was indicted on two counts of aggravated sexual abuse of a child, and after a jury trial, a judgment of conviction was entered in April 2012. He was sentenced to life imprisonment.

Long takes issue with trial counsel's decision not to object to a statement Long made to FBI Special Agent Sherry Rice. As we summarized on direct appeal, during an interview where Agent Rice specifically informed Long that "he was not under arrest . . . and that he would be leaving at the end of the conversation," Long cut off Agent Rice's questioning about sexual contact with a minor by stating: "I do not want to incriminate myself. I would like to stop talking. " Long, 721 F.3d at 921-22 (internal quotation marks omitted). Agent Rice testified about Long's statement on direct examination and was asked about it on cross examination and re-direct. The Government also used the statement during its closing arguments. Long's counsel did not object on any of these occasions.

When Long raised the admission of his statement on direct appeal, we held that it was not "clear or obvious under current law"—given that "[w]e have yet to directly address the question"—whether it was an error for "Long's pre-arrest, pre-Miranda" statement to come in. Id. at 924-25 (internal quotation marks omitted). We deferred decision on Long's ineffective assistance of counsel claims in order for the district court to hold a hearing to fully develop the record. Id. at 926-27.

Long subsequently brought his ineffective assistance of counsel claims under § 2255 before the district court. He alleged that trial counsel was ineffective because counsel failed to object to testimony concerning Long's statement to Agent Rice or to a remark the Government made during closing arguments about Long's decision

not to testify. After holding a hearing that included testimony from Long's trial counsel, the district court dismissed both claims. Long now appeals from that ruling.[2]

The sole question before us on appeal is whether Long's trial counsel violated Long's Sixth Amendment right to the effective assistance of counsel by failing to object to the Government's use of his pre-arrest, pre-Miranda statement to Agent Rice.

II.

To prove that his trial counsel was ineffective, Long must show: "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668 (1984)). On appeal, "[w]e review the district court's factual findings for clear error and the legal question whether those findings amount to ineffective assistance de novo." Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008). We find that Long has failed to make a showing on the first prong, and therefore we do not consider the second prong of the Strickland test.

Long points to limited out-of-circuit authority that existed at the time of his trial suggesting that admission of his statement to Agent Rice was improper under the Fifth Amendment. See, e.g., Coppola v. Powell, 878 F.2d 1562, 1568 (1st Cir. 1989). From that he argues trial counsel was ineffective for not challenging the admission of his statement.

---

[2]Long only appeals the ineffective assistance of counsel claim in relation to the statement he made to Agent Rice.

That authority, however, was not uniform. <u>Compare</u> <u>id.</u> (holding that "[p]etitioner's constitutional rights were violated by the use of his [pre-arrest] statement in the prosecutor's case in chief"), <u>with</u> <u>United States v. Davenport</u>, 929 F.2d 1169, 1174 (7th Cir. 1991) (Posner, J.) (holding that "once [defendants] started [answering questions in non-custodial setting], any statement they made—including 'I won't tell you'—was fair game" for the Government to use at trial). More importantly, as we noted on Long's direct appeal, the issue was not addressed by this court or the Supreme Court. <u>Long</u>, 721 F.3d at 924, 925 n.2.[3] Thus, "[g]iven this split of authority at the time [Long] was tried, and the complete lack of Eighth Circuit or Supreme Court authority on the subject it must be said counsel's performance fell within the wide range of professionally competent assistance." <u>Ragland v. United States</u>, 756 F.3d 597, 601 (8th Cir. 2014) (internal quotation marks omitted).[4]

## III.

We affirm the district court and find that Long's trial counsel was not ineffective when counsel did not challenge the admission of his pre-arrest, pre-Miranda statement to Agent Rice.

_____

[3]The question has remained unaddressed in this court and the Supreme Court.

[4]Long also raises the Second Circuit's decision in <u>United States v. Okatan</u>, 728 F.3d 111 (2d Cir. 2013), as support for his position. But, this decision came well after his trial, and "[w]e do not evaluate counsel's performance using the clarity of hindsight, but in light of the facts and circumstances at the time of trial." <u>Toledo v. United States</u>, 581 F.3d 678, 681 (8th Cir. 2009) (internal quotation marks omitted).