# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1467

_____

David Barnett

*Petitioner - Appellee*

v.

Don Roper

*Respondent - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 15, 2018
Filed: September 20, 2018

_____

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Don Roper, the Superintendent of the Potosi Correctional Center in Mineral Point, Missouri, appeals from the district court's[1] judgment granting David Barnett's application for habeas corpus relief from his death sentence pursuant to 28 U.S.C. §

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

2254. Roper asserts that the district court erred: (1) in treating the decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012) as an extraordinary circumstance justifying a reopening of the case; (2) in finding ineffective assistance of counsel at the post-conviction phase of the underlying proceedings; and (3) in finding ineffective assistance of counsel at the penalty phase of the trial. After carefully considering the claims as applied to the particular circumstances of Barnett's case, we affirm.

## I.   Background and Procedural History

On February 4, 1996, David Barnett broke into the home of his grandparents, Clifford and Leona Barnett, while they were attending church activities. State v. Barnett, 980 S.W.2d 297, 301 (Mo. 1998). When his grandparents returned home, he murdered them by stabbing each of them several times and kicking his grandfather in the head. Id. The details surrounding the murders, which are not in dispute, are described in the district court's memorandum opinion and are accepted as true. Barnett v. Roper, No. 4:03-cv-614, 2015 WL 13662176, at *1-2 (E.D. Mo. Aug. 18, 2015) (quoting State v. Barnett, 980 S.W.2d at 301). In March 1997, a jury convicted Barnett of two counts of first degree murder, one count of first degree robbery, and two counts of armed criminal action. At the close of the penalty phase, the jury returned capital verdicts for each of the murders. In reaching the death penalty, the jury found four aggravating circumstances related to Clifford Barnett's murder and three related to the murder of Leona Barnett. Barnett was sentenced to death on the murder counts and three consecutive life sentences on the robbery and armed criminal counts. 980 S.W.2d at 301. The Missouri Supreme Court affirmed the convictions. Id.

Barnett sought post-conviction relief under Rule 29.15 of the Missouri Rules of Criminal Procedure, raising eight allegations of ineffective assistance of counsel. Barnett v. State, 103 S.W.3d 765, 768 (Mo. 2003). Barnett's allegations included a claim that his penalty-phase trial counsel failed "to investigate and provide the jury

with information about Barnett's biological mother, her family, and the environmental and genetic factors that affected his development." Id. at 770. Barnett claimed, and continues to claim, "that a great deal of mitigating evidence was available for counsel to utilize at trial, but went unutilized because counsel failed to exercise due diligence in search for it." Id. The Missouri Supreme Court affirmed the lower court's denial of Barnett's motion on the ground that it was insufficiently pled. The supreme court stated:

> Barnett's life history, as set forth in the post-conviction motion, was over 25 pages, and 22 pages were dedicated to listing the hundreds of witnesses and organizations that were capable of providing proof of Barnett's life history. The motion court found, however, that the 25-page narrative of Barnett's life history did not connect a specific portion of the narrative to a particular witness, did not allege that counsel was informed of their existence, and did not state that any of the witnesses were available to testify.

Id. In agreeing with the lower court's finding that the motion was deficient, the supreme court cited precedent which "held that '[w]here the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the *Strickland* standard for ineffective assistance of counsel.'" Id. (alteration in original) (quoting Morrow v. State, 21 S.W.3d 819, 824 (Mo. 2000)). Because the supreme court found the pleadings so inadequate as to be unreviewable, it held that the failure of the motion court to appoint counsel was not error, recognizing that there is "no constitutional right to counsel in a post-conviction proceeding." 103 S.W.3d at 773 (citing State v. Hunter, 840 S.W.2d 850, 871 (Mo. 1992)).

On May 24, 2005, Barnett filed a petition for federal habeas relief in the United States District Court for the Western District of Missouri. He listed nineteen grounds for relief. Ground I alleged that the trial counsel was ineffective for failing "to

investigate and present information about the petitioner's mother and her family." Ground I alleged:

> Respondent's custody over the petitioner violates the Constitution of the United States in that trial counsel was constitutionally ineffective for failing to investigate and provide information about the petitioner's background—specifically regarding his mother and her family—because this ruling denied the petitioner's rights to due process of law, a fundamentally fair trial, the effective assistance of counsel, and freedom from cruel and unusual punishments under the Fifth, Sixth, Eighth and Fourteenth Amendments when although trial counsel investigated parts of the petitioner's background and provided information to her expert witnesses, she did not pursue significant aspects of his background related to his mother and her family.

Recognizing that the state court disposed of the failure-to-investigate issue on procedural grounds, the district court addressed whether the procedural grounds were based on "independent and adequate state law." On August 24, 2006, the court denied habeas relief, deciding that it could not "say that the state court's application of the procedural rule was 'exorbitant.'" The court issued a certificate of appealability on three of Barnett's allegations, including Ground I, finding that Barnett had made a substantial showing because "among reasonable jurists, a court could resolve the issues differently."

On September 5, 2008, we affirmed the district court's denial of habeas relief. We cited the rule that "[f]ederal courts will not review a state court decision that rests on 'independent and adequate state procedural grounds.'" Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008) (quoting Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)). Specifically, we concluded "that Missouri's procedural rule is firmly established and regularly applied and constitutes an independent and adequate ground that bars our review of Barnett's claims" and the denial of his request for an evidentiary hearing. 541 F.3d at 810-11.

On June 29, 2012, Barnett moved for rule 60(b) relief from the judgment entered on August 24, 2006. In part, Barnett alleged: "In March of this year, the Supreme Court handed down its ruling in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), a case that has been termed by other courts as, 'a remarkable development in the Court's equitable jurisprudence.'" On July 10, 2012, the court denied the motion, noting "that petitioner may not obtain federal habeas relief based on the ruling in Martinez because it is not a new rule of constitutional law that is retroactively available on collateral review."

On August 7, 2012, Barnett filed a rule 59(e) motion, asking the court to amend its judgment on the rule 60(b) motion and grant a hearing on the claims presented. With the exception of Ground I, the court denied the rule 59(e) motion. The court ordered an evidentiary hearing on the issue of whether Barnett received ineffective assistance of counsel at the penalty phase of his trial. After hearing nine days of evidence, the district court issued a 189-page memorandum opinion in which it concluded that Barnett established ineffective assistance of counsel "for failure to sufficiently investigate and present mitigating evidence during the penalty phase of his trial." In a judgment on August 18, 2015, the court granted Barnett's application for habeas corpus and ordered the state of Missouri to sentence Barnett to life imprisonment without the possibility of parole or grant him a new penalty-phase trial within 180 days.

On September 15, 2015, Roper filed a rule 59(e) motion to alter or amend the August 2015 judgment, arguing that the court's analysis contained "fundamental errors." The motion was denied. The court later amended the judgment to order resentencing within 180 days of the conclusion of appellate review.

Roper appeals the "MEMORANDUM AND ORDER" and the judgment granting habeas relief, as well as the order denying his rule 59(e) motion. We have jurisdiction under 28 U.S.C. § 1291.

## II.     The District Court's Partial Grant of Barnett's Rule 59(e) Motion

Roper initially asserts that it is "an error of law to treat the decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) as an extraordinary circumstance justifying reopening the case, despite numerous precedents rejecting that position." "Federal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground." Davila v. Davis, 137 S.Ct. 2058, 2062 (2017). This bar may be overcome by establishing "'cause' to excuse the procedural default and" demonstrating actual prejudice from the alleged error. Id. "An attorney error does not qualify as 'cause' unless the error amounted to constitutionally ineffective assistance of counsel." Id. Because there is no constitutional right to assistance of counsel in state post-conviction proceedings, ineffective assistance in such proceedings will generally not be cause to excuse procedural default. Id. (citing Coleman v. Thompson, 501 U.S. 722 (1991)). The Supreme Court, however, has recognized a narrow exception to the general rule in Coleman. "That exception treats ineffective assistance by a prisoner's state postconviction counsel as cause to overcome the default of a single claim—ineffective assistance of trial counsel—in a single context—where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." Id. (citing Martinez v. Ryan, 566 U.S. 1 (2012); Trevino v. Thaler, 569 U.S. 413 (2013)).

In his notice of appeal, Roper failed to specifically appeal the district court's April 22, 2013, order denying Barnett's rule 59(e) motion to amend "with the exception of Ground I - alleging ineffective assistance of counsel at the penalty phase of his trial due to trial counsel's failure to investigate and present mitigating

evidence" and concluding that Barnett was entitled to an evidentiary hearing on the issue. We note that in the April 22nd "MEMORANDUM AND ORDER" the district court concluded: "Thus, based on the substantial nature of the underlying assistance of trial counsel claim as well as the equitable considerations, . . . Barnett meets the required showing of 'extraordinary circumstances' under Fed. R. Civ. P. 60(b)(6)."[2] Because the court's partial grant of Barnett's rule 59(e) motion is not subject to this appeal, we do not address the merits of the court's application of <u>Martinez</u> and its finding of extraordinary circumstances. Fed. R. App. P. 3(c)(1)(B); <u>Auer v. City of Minot</u>, ___ F.3d ___, No. 17-1535, 2018 WL 3470195, at *5 (8th Cir. July 19, 2018) (citing <u>Hallquist v. United Home Loans, Inc.</u>, 715 F.3d 1040, 1044-45 (8th Cir. 2013)).

## III. District Court's Grant of Barnett's Application for Habeas Corpus After Evidentiary Hearing

After hearing the evidence on Ground I of Barnett's habeas petition, the district court concluded that Barnett's state post-conviction counsel was ineffective, providing cause to reach the merits of the claim of ineffective assistance of trial counsel. The court further concluded that Barnett's penalty-phase trial counsel was ineffective, providing a basis for granting habeas relief.[3]

---

[2] The court addressed this in its memorandum and order following the evidentiary hearing. In addressing a "misunderstanding" revealed in post-hearing briefing, the court stated: "In any case, under the most sensible reading of the 2013 Order, that Order clearly left only one remaining issue and task: a merits evaluation of Ground I. Thus, the State's post-hearing arguments concerning Rule 60(b) and *Martinez* are largely unnecessary, as the relevant legal questions relating to those issues were already answered by this Court in 2013."

[3] Because the state did not challenge the district court's underlying finding of ineffective assistance of trial counsel on appeal and failed to raise, brief, or argue the issue, the district court's finding of ineffective assistance is not before us. <u>Hill v. City of Pine Bluff, Ark.</u>, 696 F.3d 709, 712 n.2 (8th Cir. 2012) (claims not argued on

## A. Ineffective Assistance of State Post-Conviction Counsel

A finding of ineffective assistance of post-conviction counsel was part of the district court's analysis of extraordinary circumstances in its April 22, 2013, order which is not on appeal.[4] Even so, in the order appealed from, the district court acknowledged that "the 2013 Order could have been clearer in finding PCR counsel to be ineffective" and clarified its previous finding. Barnett v. Roper, No. 4:03-cv-614, 2015 WL 13662176, at *72 (E.D. Mo. Aug. 18, 2015). In clarifying its previous finding and supporting analysis, the court relied on testimony heard at the evidentiary hearing. That hearing occurred after the district court recognized that inadequate pleadings under state procedural rules may be the product of a deficient performance under Strickland while noting that fact alone may not meet the constitutional standard for ineffective assistance of counsel. Even with the failure to appeal the April 22, 2013, order, the district court's final determination that Barnett received ineffective assistance from his state post-conviction counsel is properly raised on appeal and the question is squarely before us. Hallquist, 715 F.3d at 1044 ("This court has jurisdiction over the underlying order if the appellant's intent to challenge is clear, and the adverse party will suffer no prejudice if review is permitted.").

To prove ineffective assistance of counsel, Barnett must "show that his counsel was deficient and that his counsel's deficient performance prejudiced him." Slocum v. Kelley, 854 F.3d 524, 532 (8th Cir. 2017) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). To be deficient, counsel's representation must have

_____

appeal are deemed abandoned); Rotskoff v. Cooley, 438 F.3d 852, 854 (8th Cir. 2006) (appellant waives challenge to district court's ruling by failing to develop an issue in the brief as required by rules of appellate procedure).

[4]Specifically, the court, in footnote 17 of the order, concluded: "Therefore, the state motion court's determination that Barnett's post-conviction counsel failed to comply with the state procedural rule, which barred review on the merits, establishes deficient performance and a reasonable probability of prejudice under *Strickland*."

fallen "below an objective standard of reasonableness." Id. To prove prejudice, Barnett must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. The likelihood that the result would have been different must be "substantial, not just conceivable." Id. (citing Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012). "On appeal, '[w]e review the district court's factual findings for clear error and the legal question whether those findings amount to ineffective assistance de novo.'" Long v. United States, 875 F.3d 411, 413 (8th Cir. 2017) (alteration in original) (quoting Keys v. United States, 545 F.3d 644, 646 (8th Cir. 2008)). We give due deference to the district court's credibility determinations. Nooner v. Hobbs, 689 F.3d 921, 933-34 (8th Cir. 2012).

The district court reviewed the post-conviction record before the state court in great detail. The court noted the motion court's description of the insufficient pleading, including that the "Movant's narrative does not connect a specific portion of the narrative to a particular witness, does not allege that counsel was informed of their existence, and does not state that any of these witnesses were available to testify." The court further noted that the motion's court cited established precedent in Missouri that spelled out these specific requirements for a rule 29.15 motion. The court pointed to the testimony of Mr. Tucci, one of Barnett's motion's attorneys, that although he was satisfied with the narrative form of the petition at the time, he now believes it was not properly drafted. The court also was influenced by the fact that, given an invitation to correct the deficient pleadings when the state moved to dismiss, Barnett's counsel chose not to file a response. Testimony from both of Barnett's post-conviction counsel was that they take great pains to make sure that they now identify witnesses with descriptions of their proposed testimony, show that the witnesses were available to testify, and inform the court that the witnesses would have been discovered through proper investigation. The court's findings of fact are supported by the record and are not clearly erroneous. The findings support the court's conclusion that "the technical inadequacies, combined with the ease with

-9-

which those inadequacies could have been avoided or neutralized, constitute deficient performance under *Strickland"* and the performance "fell 'below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney.'" 2015 WL 13662176, at *75-76 (quoting Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2008)).

The state motion court specifically identified the deficient pleading as grounds for denying Barnett an evidentiary hearing on his claim of ineffective assistance of penalty-phase trial counsel. The court's finding that Barnett was prejudiced by counsel's deficient performance is supported by the evidence. On the record before it, the district court properly concluded that Barnett established ineffective assistance of his state post-conviction counsel.

## B.     District Court's Jurisdiction to Grant Relief on Barnett's Rule 60(b) Motion

The state argues on appeal that the district court exceeded its jurisdiction by granting relief on a claim that included evidence beyond what was relevant to the original Ground I of the habeas petition, which alleged trial counsels' failure "to investigate and provide information" specifically relating to Barnett's biological background. In its memorandum decision following the evidentiary hearing, the district court noted that although Barnett's original Ground I alleged ineffective assistance of counsel "for failing to investigate and provide information about the petitioner's background—specifically regarding his mother and her family," the parties agreed at the evidentiary hearing that the court would hear evidence unrelated to Barnett's biological family. The court noted that "[b]oth parties agreed they were treating the case as 'a very general ineffective assistance of counsel penalty phase

-10-

claim.'"[5] The parties' agreement is reflected in the record. The state conceded at oral argument that it tried the allegedly broader claim by consent.

The state now asserts that the court expanded Barnett's Ground I, essentially creating a new claim in addressing the rule 60(b) motion. The state cites 28 U.S.C. § 2244(b) in arguing that this expanded claim must be dismissed as an impermissible successive claim under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). In the alternative, the state suggests the possibility of remanding to the district court "to consider whether Barnett's Ground I, standing alone, entitles him to a writ of habeas corpus."

Rule 60(b) applies in habeas proceedings "only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (quoting 28 U.S.C. § 2254). The court must dismiss any claim in a second or successive habeas application that was presented in a prior application. 28 U.S.C. § 2244 (b)(1). Further, any claim presented in a second or successive application not presented in a prior application "must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530 (citing § 2244(b)(2)). Before "the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Id. (citing § 2244(b)(3)). A rule 60(b) is a successive habeas corpus application if it contains one or more claims. Id. at 530-31. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id. at 530. A rule 60(b) motion that does not attack the merits of a prior habeas decision,

---

[5]Considering that Ground I referenced Barnett's background in general while emphasizing the error in failing to investigate his biological family, the parties' agreement is well-supported by the record.

but only alleges "some defect in the integrity of the federal habeas proceedings" is not a successive habeas application. Id. at 532. In other words, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Id. at 533. "[A] motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009) (quoting Gonzalez, 545 U.S. at 532 n.4).

The Supreme Court has recognized that AEDPA is designed to "further the principles of comity, finality, and federalism." Panetti v. Quarterman, 551 U.S. 930, 945 (2007) (internal quotation marks omitted) (quoting Miller-El v. Cockrell, 537 U.S. 322, 337 (2003)). "These purposes, and the practical effects of our holdings," the Court instructed "should be considered when interpreting AEDPA." Panetti, 551 U.S. at 945. "This is particularly so when petitioners 'run the risk' under the proposed interpretation of 'forever losing their opportunity for any federal review of their unexhausted claims.'" Id. at 945-46 (quoting Rhines v. Weber, 544 U.S. 269, 275 (2005)).

In its original order denying Barnett's habeas corpus petition, the district court concluded that Missouri's procedural rule foreclosed it from considering the merits of Ground I. In his 60(b) motion, Barnett sought review of Ground I because the merits of his ineffective assistance of trial counsel claim were never addressed by any court. The district court originally denied the review, concluding it was a successive petition that required authorization by this court. In granting Barnett's rule 59(e) motion as to Ground I, the district court concluded that the rule 60(b) motion as to Ground I did not state a new claim for habeas relief, but attacked the procedural bar to hearing the original claim. Barnett's claim of ineffective assistance of trial counsel

for failing to investigate his background and family was never addressed on the merits prior to the district court's evidentiary hearing following the grant of the rule 59(e) motion. Prior to <u>Martinez</u>, the ineffective assistance of his post-conviction counsel would not have provided cause for overcoming the procedural default due to the deficient post-conviction pleadings. It is apparent that <u>Martinez</u> does not require that the ineffective assistance of post-conviction counsel be first addressed by the state court. Petitioner in that case argued the issue for the first time in the federal habeas petition. 566 U.S. at 17 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.").

It is undisputed that no court, including the district court in its original habeas consideration, has addressed the merits of Ground I. As to that ground, Barnett's rule 60(b) motion did not challenge the merits of a federal court determination. The motion instead challenged the procedural basis for the court's failure to address the merits of Barnett's claim. We agree with the district court that, as to Ground I, Barnett's rule 60(b) motion was not a successive claim under 28 U.S.C. § 2244 (b).

## IV. Denial of Roper's Rule 59(e) Motion

The district court did not err in denying Roper's rule 59(e) motion. The judgment granting habeas relief was not the result of any manifest error. The motion was not supported by any showing of extraordinary circumstances.[6]

---

[6]We decline to accept Roper's invitation to revive the statutes-of-limitations defense which he forfeited early in these proceedings. <u>See</u> <u>Barnett v. Roper</u>, 541 F.3d 804, 807-08 (8th Cir. 2008).

**V.     Conclusion**

We affirm the judgment of the district court.

_____